WILLIAM HARDEN *vs.* GEORGE CAMPBELL.—*June* 1846.

At common law, the release of the debtor, whose person is in execution, is a release of the debt, and he cannot afterwards be arrested on the same judgment.

The law will not permit a creditor to proceed at the same time against the person and estate of his debtor, and when the creditor has elected to take the person, it presumes satisfaction, if the person be voluntarily released.

To a *scire facias* to revive a judgment, the defendant pleaded in bar his prior arrest upon a *ca. sa.*, his appearance in court at the return of the writ in custody, his being called, and answering in court that he was the party arrested, the refusal of the plaintiff to pray him in commitment, and his offer of himself to the sheriff, and the refusal of the sheriff to receive him into custody; upon general demurrer, held a bar to the writ.

The case of *West's executor, vs. Hyland*, 3 *Harris & Johnson*, 200, is imperfectly reported. In that case, the sheriff did not bring the body of the defendant into court on the return of the first *ca. sa.*, and the defendant, after its service, escaped from the custody of the sheriff, before the second *ca. sa.* was issued.

An escape from the sheriff, without the consent of the creditor, does not prejudice him or extinguish his judgment.

APPEAL from *Carroll* county court.

This was a *scire facias*, sued out on the 31st August 1843, by the appellee against the appellant, to revive a judgment at

law, and show cause why an execution should not be awarded, &c.

The appellant, the defendant, pleaded, that on the 11th September 1838, the plaintiff sued forth upon the original judgment a writ of *capias ad satisfaciendum*, upon which the defendant, before the return, was arrested and detained in execution, and that the said writ was so returned at the return day thereof, as appears, &c.; wherefore he prays judgment, if the said plaintiff ought to have his execution against him, &c.

The second plea further alleged in substance, that the defendant appeared in court, confessed himself the person, &c., and that the plaintiff, upon demand of the court, refused to pray the defendant in commitment, &c.

The third plea alleged, that the defendant being arrested, at the return day of the writ of *ca. sa.*, appeared in court and offered himself in custody to the sheriff of the county, who refused to receive him, &c.

To these pleas the plaintiff demurred generally, and the county court awarded execution to the plaintiff, for, &c. The defendant appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By C. BIRNIE, for the appellant.

By W. P. MAULSBY, for the appellee.

MARTIN, J., delivered the opinion of this court.

In this case, a *scire facias* was issued by the appellee, for the purpose of reviving a judgment against the appellant.

In the pleas filed by the appellant, he alleges, that he had been arrested under a *capias ad satisfaciendum*, which the appellee had caused to be issued on the original judgment; that on the return day of the writ, he appeared in court, in the custody of the sheriff; that he was called on the *capias*, and answered and avowed himself in court, under the previous arrest; that the plaintiff, although demanded by the court, if he prayed a commitment of the defendant, refused to pray such

commitment; and that being in court under the arrest, as before stated, he offered himself to, and required the sheriff to receive him into his custody, which the sheriff refused to do. To these pleas there was a demurrer, and the only question presented for the consideration of this court, is, whether, assuming the facts stated in the pleas to be true, the appellee would have been precluded from issuing a second *capias ad satisfaciendum* ?

It is an established principle, that at common law, the release of the debtor, whose person is in execution, is a release of the debt, and he cannot afterwards be arrested on the same judgment. The body is not satisfaction in reality, but is held as the surest means of coercing satisfaction. The law will not permit a man to proceed at the same time against the person and estate of his debtor, and when the creditor has elected to take the person, it presumes satisfaction, if the person be voluntarily released. The release of the judgment is, therefore, the legal consequence of the voluntary discharge of the person by the creditor. 1 *Pet.*, 575. In conformity with this principle, it was held, in *Basset against Salter*, 2 *Mod.*, 136, that if there be an escape, with the plaintiff's consent, the debt is discharged, though, if it happened without his concurrence, the result would of course be different, and he might issue a second *capias*. In *Jaques against Withy*, 1 *Term R.*, 557, the creditor discharged his debtor in execution, upon his giving a part security to satisfy the judgment. The security was invalidated on account of a mere formality; yet it was held, that the judgment was satisfied, the court affirming, that where a prisoner obtains his discharge, with the consent of the party who put him in execution, he cannot be re-taken. The same proposition is stated in *Clark vs. Clement & English*, 6 *Term R.*, 525; and in *Tanner against Hague*, 7 *Term*, 420, where it is announced, that the cases proceed on the ground of its being considered that the plaintiff received satisfaction in law, by having his debtor once in custody on execution. 2 *East R.*, 243. 5 *John.*, 364.

It is perceived, that the authorities adverted to, treat the rule as settled, that when a defendant in execution is permitted to

depart from the custody of the sheriff, with the consent of the creditor, at whose instance he was arrested, the judgment is discharged in law, and he cannot be re-taken. It is apparent from the facts set forth in the second and third pleas, which are, in the present posture of the case, to be received as true, that the appellant was discharged from the custody of the sheriff, with the consent of the appellee, and without his own concurrence, for it is stated, that he surrendered himself, and asked to be retained in custody in satisfaction of the judgment. Under such circumstances, it is plain, we think, that the defendant could not have been arrested on a second *capias ad satisfaciendum*, and that the demurrer to the pleas ought to have been overruled.

It has been supposed, however, that the doctrine thus announced is in conflict with the principle decided by the Court of Appeals, in 1811, in the case of *West's Executor, against Hyland*, 3 *H. & J.*, 200.

In that case it appeared, that a *ca. sa.* was issued on a judgment affirmed in the Court of Appeals, on appeal from *Somerset* county court. The defendant was taken in execution under this *ca. sa.*, and appeared in court in the custody of the sheriff.

The counsel for the defendant, moved the court for a rule on the plaintiff, to show cause why the writ of *ca. sa.* ought not to be quashed, upon the ground, that the defendant had been taken in execution under a *ca. sa.*, issued by the plaintiff upon the same judgment, returnable to the last term of the court; that it was returned by the sheriff, *cepi*, and that the defendant appeared in court at the return day of the writ; but the plaintiff did not move in court to have the defendant committed, nor did he call on the sheriff to bring into court the body of the defendant, nor did he do any thing therein, but that the *ca. sa.* stood open upon the docket of the court under the sheriff's return of *cepi*, and that the present *ca. sa.* was a renewal of the former writ. The counsel for the defendant contended, that he was released from the debt by the plaintiff's neglect to enforce the former *ca. sa.*, by defaulting the sheriff, committing the defendant to the custody of the sheriff, or having the case not called with the consent of the defendant; and

that he could not again be taken in execution under a new *ca. sa.*, whilst the former stood under a *cepi*, and not acted upon. The court said, "that the return of *cepi* to the former *ca. sa.*, and the plaintiff not proceeding to enforce that writ, by having the defendant committed, defaulting the sheriff, or an entry of not called, did not preclude the plaintiff from again taking out a new *ca. sa.*"

An examination of the papers in this case has satisfied us, that it has been most imperfectly reported. It appears, that the plaintiff in his answer to the motion of the defendant, to show cause why the execution should not be set aside, assigned this as his first reason : "Because, upon the said *ca. sa.*, which had been issued returnable to the last term of the court, the said sheriff did not bring the body of the said *Lambert* into court to satisfy the said execution, when he ought to have done, but that the said *Lambert*, before the said last *ca. sa.* was issued against him, and after the first *ca. sa.* had been served upon him, had escaped from the custody of the said sheriff." This allegation was supported by affidavits.

The proposition is firmly established, that an escape from the sheriff, without the consent of the creditor, shall not prejudice him, or extinguish his judgment. He has the right to sue the sheriff, but he is not obliged to do so, and may re-take his debtor under a second *capias ad satisfaciendum*. *Basset vs. Salter*, 2 *Mod.*, 136. 5 *Pet.*, 369.

The opinion of the court in *West against Hyland*, is to be considered in connection with the circumstances of the case, as they really existed, and is explained by the important fact omitted by the reporter, that the defendant had escaped from the first *ca. sa.*

In this respect, we think the case of *West* and *Hyland*, is clearly distinguishable from the one now under examination, and that the court below erred in sustaining the demurrer, as it regards the *second* and *third* pleas. The judgment is therefore reversed.

JUDGMENT REVERSED.