CHARLES THOMPSON *vs.* THE STATE, USE OF BENJAMIN G. HARRIS, ADM'R OF LEWIS J. FORD.—*December* 1846.

By the terms of the 22nd sec. of the act of 1820, chap. 191, the bond given for the purchase money of land sold under that act, is required to be with condition, to pay the money over to the representatives of the deceased, "in such proportions as each may be entitled to, agreeably to the order of the court" by which the sale was adjudged. Until the court has passed an order ascertaining the proportion to which a representative is entitled, he cannot maintain an action on such bond.

The case of *Ridgely vs. Iglehart,* 6 *Gill & Johns.*, 49, as to the construction of the act of 1820, chap. 191, sec. 22, explained.

Where the issue upon general demurrer definitively settles the law of the case against the plaintiff, the issues in fact are not to be tried.

APPEAL from *St. Mary's* county court.

This was an action of *debt,* commenced on the 3rd August 1843, by the appellee against the appellant.

The plaintiff declared on the bond of *Joseph Ford,* the appellant, and *Francis Herbert,* dated the 6th March 1838, containing the following recital and condition :

"Whereas the commissioners appointed, by an order of *Saint Mary's* county court, to sell the real estate of *Lewis Ford,* late, &c., did, on the 13th February 1838, after due notice being given, sell the real estate of the said deceased, and at which said sale the aforesaid *Joseph Ford* became the highest bidder and purchaser of a tract or parcel of land, being part of " *Gilmott's Hills,*" (otherwise known as "*Prospect Hill,*") containing, &c., for the sum of $3000; and also at the said sale, so as aforesaid made, the said *Joseph Ford* became the highest bidder and purchaser of another tract or parcel of land, called

"*Part of Gilmott's Hills,*" containing, &c., for the sum of $2450. Now the condition of the above obligation is such, that if the above bound *Joseph Ford, Charles Thompson,* and *Francis Herbert,* or either of them, their heirs, executors or administrators, do, and shall well and truly pay, or cause to be paid, unto the legal representatives of the said *Lewis Ford,* deceased, their, and each of their respective shares or portions, of the sum of $5450, being the amount of the purchase money aforesaid, with legal interest thereon, in three equal annual payments, from the day of sale aforesaid, agreeably to the order of *Saint Mary's* county court, then this obligation to be void, otherwise," &c.

After oyer of the bond and its condition, craved and granted, the defendant pleaded general performance of the condition.

The plaintiff, after setting forth all the facts alleged in the recitals of the bond, and ratification of the sale, replied, "that the sum of $5241.16 remained, after deducting the costs and expenses of proceedings under said petition, of the proceeds of the sale of said land; and that the sum of $1310.29, part of said proceeds, with interest thereon from day of sale, was due and payable to the said *Lewis J. Ford,* one of the heirs of the said *Lewis Ford,* dec'd, whereby the said *L. J. Ford* then and there became entitled to have and receive the said sum of $1310.29, and interest thereon from said day of sale, and the said defendants, according to the condition of the said writing obligatory, became liable to pay to the said *Lewis J. Ford* the said sum of money, and interest thereon due," &c.

The defendant rejoined :—

1st. That at no time prior to the institution of this suit, was any order passed by *St. Mary's* county court, directing the payment of any portion of the purchase money mentioned in said bond, to the said *Lewis J. Ford,* as one of the legal representatives of *Lewis Ford,* or to the legal representatives of said *Lewis Ford,* according to the condition thereof, and this he is ready to verify, &c.

2nd. That the obligors did pay unto the said State of *Maryland,* the said sum of money in the writing obligatory aforesaid, mentioned, with interest thereon, and this he is ready to verify, &c.

To the first rejoinder, the plaintiff, (the appellee,) demurred generally, in which the defendant joined.

To the second rejoinder, the plaintiff surrejoined non-payment and issue.

The county court rendered judgment on the demurrer for the plaintiff; and upon the issue of payment, the jury found a verdict of $785.70 for the plaintiff.

The defendant appealed to this court.

The cause was argued before Archer, C. J., Dorsey and Martin, J.

By Causin for the appellant, and
By J. Johnson for the appellee.

Dorsey, J., delivered the opinion of this court.

The county court, we think, erred in over-ruling the appellant's demurrer to the appellee's first rejoinder to the replication filed by the plaintiff below. By the express terms of the 22nd section of the act of 1820, ch. 191, the bond before us is required to be, and, in effect, is conditioned for the payment over of the purchase money, for which the land sold to the representatives of the deceased, "in such proportions as each may be entitled to, agreeably to the order of the court." Until, then, the court has passed an order ascertaining the proportion to which a representative is entitled, non-payment, as to him, is no such breach of the condition of the bond as would enable him to maintain an action upon it. The first rejoinder of the appellant denies the passage of any such order by the court before the institution of this suit, and the demurrer admits the truth of such denial. It hence follows, that the rejoinder demurred to, was a bar to the action; and that the demurrer ought to have been ruled good, and judgment of *non suit* entered against the appellee. It is true that this court, in the case of *Ridgely vs. Iglehart*, 6 *Gill & Johns.*, 49, did intimate a doubt whether the words in the 22nd sec. of the act of 1820, chap. 191, "agreeably to the order of the court," were intended to relate to the proportions to which each of the heirs might be entitled. But after mature reflection, and a thorough conside-

ration of the subject, we are satisfied, that the words in the act of Assembly and bond, "agreeably to the order of the court," do apply to an order of the court in relation to the proportions of the representatives of the intestate, and not to the mere order of the court, directing the bond to be given to the State. The court, however, in *Ridgely and Iglehart*, (which was a proceeding in chancery,) conceived, no matter what construction, in this respect, should be given to the terms referred to in the bond and act of Assembly, that a court of equity could, for the reasons assigned, grant the relief sought by the bill, and enforce the lien of the purchase money upon the lands sold, and render full and adequate justice to the parties concerned. According to the strict and technical rules of the common law, we are of opinion, that no recovery can be had in the action on the bond before us, without the preliminary order as to the proportions of the representatives of the intestate.

The correct determination of the issue in law definitively settling against him the right of the appellee to the prosecution of his suit, there remained no ground for the trial of any issue in fact.

The judgment of the county court is reversed. No procedendo will be awarded.

JUDGMENT REVERSED.