Lawson *vs.* Snyder.

# JOHN B. LAWSON *vs.* JOHN SNYDER.

Lawson, as security of one Wheeler, was not discharged, either by discharging from the custody of the sheriff the principal, when taken under *ca. sa.*, on receipt of a part of his debt, or by non-prossing a suit, which he had brought against the principal, who had been arrested.

UPON a judgment recovered by the appellee against the appellant, and certain Thomas Lloyd and Edward R. Wheeler, this action was brought in Charles county court. The judgment was rendered on the 4th December 1843, in the United States circuit court for the county of Alexandria, in the District of Columbia. Wheeler was the principal debtor, and the other defendants, his securities, in a joint and several bond.

Upon the judgment in county of Alexandria, the plaintiff there issued a *capias ad satisfaciendum*, directed to the marshal of the District of Columbia, and being arrested in virtue of said process, the appellee agreed to discharge and release him, on his paying to the appellee $100, which being paid, the appellee was accordingly discharged. The writ of *capias ad satisfaciendum* was returned. "Received, Alexandria, 12th April, 1844, of John Lawson, $100 on the within."

Afterwards, on the 8th day of June 1848, a writ of *fieri facias* was issued, directed to the sheriff of the county of Alexandria, (it having become a part of the commonwealth of Virginia,) upon the same judgment, and the payment of $100 acknowledged paid, as aforesaid, 22nd April 1844. This last writ was returned, "No property."

On this judgment a suit afterwards, on the 1st of January 1846, was brought in Charles county court, and a declaration being filed 5th February 1846, the defendant pleaded five separate pleas.

No question being raised on the first and second pleas, and the appeal, so far as it was designed to bring before the court, the demurrer to the fifth plea being abandoned, no notice will be taken of them.

The third plea insisted, that the acceptance and payment of the sum of $100, while in the custody of the marshal of the District of Columbia, in virtue of the agreement before spoken of, discharged the defendant.

The fourth plea, relied on as a bar to the plaintiff's action, alleges the circumstances, that on the 1st January 1846, the plaintiff caused to be issued a *capias ad respondendum* out of Charles county court, against Lawson, Lloyd and Wheeler, upon the same cause of action as in this suit; the sheriff arrested Wheeler, and returned the writ *cepi*, Wheeler, but the sheriff did not produce his body at any time; that Snyder, the plaintiff, on the 3rd Monday of July 1847, ordered a judgment of *non pros.* to be entered in the case, and thus released the sheriff and Wheeler; and after the return aforesaid, and before the entry of the judgment of *non pros.*, Wheeler re-

Lawson *vs.* Snyder.

moved from the State of Maryland, and became a resident of the State of Virginia, and was such resident at the date of the *non pros.* aforesaid; all of which was known to the plaintiff.

To these pleas there was a demurrer, and joinder in demurrer, and judgment being for the plaintiff, this appeal was taken.

The case was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Worthington* and *Stone* for the appellant.
*Reeder* and *Causin* for the appellee.

*Worthington*, in answer to the suggestion that there was no appeal from the judgment on demurrers, insisted, that it could not have been taken sooner than it was, the issues in fact not having been tried. There had been no judgment then entered, and of course there could be no appeal. He cited act of 1826, ch. 200, to show that an appeal could not be taken until after final judgment.

Plaintiff gained the case on demurrer, but lost it on the issue in fact. If in this case an appeal had been entered after the demurrer was ruled good, what would have been the effect? He also relied on 7 *G. & J.*, *Boteler and others, vs. State.* *Greenwell vs. Charlotte Hall*, 4 *G. & J.*

The act of 1825, ch. 47, does not apply to demurrers or motions in arrest of judgment. See also the cases of *O'Brien vs. Hardey*, 4 *H. & J.*, 434. *State vs. Green*, 5 *G. & J.*, 381. *Thompson vs. State*, 4 *G.*, 163, which are cases like the present.

With respect to the 3rd plea, and the demurrer thereto, was the payment a credit, or was it a discharge? He insisted, that this was a discharge of the debt. *2nd Tidd's Practice*, 1039. *4th Gill, Harden vs. Campbell. 1st Peters*, 575. 1 *Chit. Pl.*, 111.

The case ought to be reversed, and not sent back. For this he cited *Bond vs. Headley*, 7 *H. & J.*, 257. *Harden and*

Campbell, 4 Gill, 29, 4 Gill, 424, vs. Fry. 5 G. & J., 264. 4 G. & J., 407.

. 4th plea. Plaintiff objects that the judgment makes the obligors principals, and that the plea cannot contradict this fact. See Morgan vs. State, 12 G. & J. Sprigg vs. Bank, 10 Peters, 257, 266. 1 Law Lib., 72, 77, 84, 87, 150.

Causin for appellee.

As to the 4th plea, there is no allegation of an agreement between plaintiff below and Wheeler. A demurrer only admits what is legally and well pleaded. He cited, in support of the demurrer to the 4th plea, Planters Bank vs. Sellman, 2 G. & J. Somerville vs. Marbury, 7 G. & J. Sasser vs. Young, 6 G. & J.

As to the motion to affirm: See Milburn Cases, both records.

The demurrers decided in favor of plaintiff. 6 H. & J., 16. This point was not raised. 3 G. & J., 24.

3rd plea. Not stated in the plea, that there was any agreement that the $100 should be received in full. 1 Chit. Pl., 486, for English law.

4 Gill, Harden vs. Campbell. This was a sci. fa., after ca. sa. had been served and returned, plaintiff refused to pray for commitment. West vs. Hyland, 3 H. & J., 200. Sasser vs. Walker, 5 G. & J.

Reeder for the appellee.

1st. The court ought not to have given judgment for the appellant on the plea of nul tiel record, because the word "States" was omitted in the declaration. It was implied, because the word "United" preceded it. See p. 1.

2nd. The first plea of the appellant, of nul tiel record, was rightly overruled, because the record was sufficiently authenticated. For authority, see the acts of Congress of 1790, ch. 11; and 1804, ch. 56: the last passed 27th March. See Evans' Harris, vol. 1, p. 24.

3rd. The court rightly gave judgment for the appellee on

the demurrer to the third plea. The doctrine, that a defendant is discharged from a debt, because, after *ca. sa. issued* and arrest, he is let to go, cannot prevail in this State and country. The policy of the common law is greatly changed and mitigated. See acts of Assembly, 1789, ch. 42, sec. 2; 1811, ch. 161, sec. 2; 1813, ch. 102, sec. 8; 1828, ch. 50. There is analogy in execution. The plaintiff may stop execution and countermand sale, and order the goods to be redelivered, and it is not a release or discharge of the debt. See *Evans' Maryland Practice, p.* 370; and he refers to *Sasser vs. Walker,* 5 *G. & J., p.* 109. Mr. Evans, on the same page, says, care should be taken that nothing appear in *writing;* and I suppose release and discharge should be in *writing,* and so plead to a record, see p. 370; and he refers to *Williamson vs. Perkins,* 1 *H. & J., p.* 449. In looking at the English authorities on discharge by letting the defendant go under *ca sa.,* I find it does not extinguish the *debt,* but only the *remedy,* so that you cannot *execute* him by *ca. sa.,* on the same judgment, but the debt stands. See *2nd Tidd, 9th Ed., pp.* 1029 *and* 1030, *side-paging,* so that to let go under a *ca. sa.,* is not a discharge of the *debt,* but a relinquishment of this particular *remedy.* In the *1st vol. Chitty,* it is said, all releases and discharges must be specially pleaded, page 515, top-paging; and in *Dumas' Reports, 3rd vol., p.* 21, it is said, a release is an executed contract, and must be under seal, and I suppose ought to be plead as under seal, and perhaps with a profert. See the reference to this last authority, on page 328 of *Metcalfe and Parker's Digest, vol.* 3rd. Two affirmatives, or two negatives, cannot make an issue, hence it is error to affirm the issuing of *ca. sa.,* the payment of money; the consent of the plaintiff, and release and discharge, all in one plea. How could the appellee take issue to all these. There ought to have been a *single* averment. Release and discharge might have been plead singly, but not with a half-dozen other excuses. See *Stephens on Pleading, p.* 385, *top-paging.*

4th. The court did right in giving a judgment on the de-

murrer to the fourth plea in favor of appellee. The plea is bad, because it combines various averments, and is an uncertainty. It affirms Wheeler to have been security, to have been ruined, to have had a *non pros,* in his favor, to have departed from the State; all these things cannot make that singleness, which is indispensable to good pleading. See *Stephens on Pleading,* p. 385, *top-paging,* and under title, *Argumentativeness.* Nothing which occurred before judgment can be plead to record. The original cause of action was merged in the judgment. See *Chitty, vol. 1st, p.* 485, *top-paging.*

5th. The fifth and last plea is wholly defective, because it does not aver that the *fi. fa.* was returned. See 1*st Chitty, pp.* 485 *and* 486, *top-paging.* That it is no defence, see *Sasser vs. Walker,* 5 *G. & J., p.* 109, where a plaintiff can release property from execution, and not prejudice his rights.

6th. On page 6th of the record, it will be found, that a judgment was rendered by the court against Lloyd, subject to his discharge. This was error in the court, as the debt was contracted in a foreign jurisdiction. See 4*th vol. G. & J.,* 509, *Fry vs. Frick.*

*Stone* for appellant.

On the motion to affirm, the act of 1825, ch. 117, restricts the court to errors apparent on the record. Is the error apparent on the record in this case? *Ford vs. State,* 6 *Gill,* 183, is like the case now before the court.

Upon the 3rd and 4th pleas, and in answer to the objection that the plea does not allege a discharge of the debt, he observed, that the discharge of the debt is a conclusion of law from the facts averred.

2*nd Leigh's Reports,* 367. 3 *G. & J.,* 224. 2*nd Saund. Pl. and Ev.,* 525.

A surety, when he discharges the debt, is entitled to all the rights of the principal. But the *non pros.* put it out of the power of the surety to use *all the means* which the creditor had to enforce the claim.

The opinion of the court was delivered by Tuck, J.

The counsel for the appellee insists, that this case should be affirmed, because appeals were not severally taken to the rulings of the court sustaining the demurrers to the third, fourth and fifth pleas, and that, therefore, the record does not present any "point or question" for the consideration of this court.   We cannot distinguish this case from that of *Thompson vs. The State, use of Harris*, 4 *Gill*, 163.   That record shews that there was a demurrer and an issue in fact, both of which were decided for the plaintiff, (as here,) and that the judgment and appeal were entered in the same manner.   No case has been referred to in which a different mode of making the entries has been observed, except *State vs. Crain*, and *Milburn vs. State*, decided at this term.   But there is a plain distinction between the cases.   The party who failed on the demurrer, succeeded on the trial of the issues in fact, and obtained the final judgment.   The other side appealed on exceptions taken at the trial, and this court, on that appeal, could not consider the questions presented on the demurrer, from which there was no appeals.   If the demurrer had been ruled the other way, the appeal from the final judgment would have opened the record, not only upon the exceptions, but also upon the issues in law.   *Anderson vs. Chutcher*, 11 *G. &. J.*, 450.   7 *G. & J.*, 109.

The judgment of the court upon the demurrer to the *third* plea presents the question, "whether a party taken under a *ca. sa.*, can be discharged from arrest, *with his own consent and that of the plaintiff*, without releasing the debt?"   What effect the matter of the plea would have had if relied upon as a defence to the action, according to the laws then in force in the county of Alexandria, D. C., where the judgment was obtained, we are not called upon to decide, as these laws have not been properly brought to the notice of the court. *Gardner vs. Lewis*, 7 *Gill*.   The counsel for the appellant, however, contends, that the decision of these questions must be governed by the common law alone; and that the case of *Harden vs. Campbell*, 4 *Gill*, 29, is an authority for the re-

versal of the judgment on the second plea. The defendant in that cause had relied on three pleas, all of which were overruled by the court below. The *first* claimed his discharge, on the ground that he had been arrested under a previous *ca. sa.*, so that the only question upon that plea was, whether the mere arrest operated to release the judgment? and the Court of Appeals, by affirming the judgment below, decided, that it was attended by no such consequence. But the court, upon the demurrers to the other pleas, held, that the arrest of the defendant and his discharge from the custody of the marshal, with the consent of the plaintiff, *and without his own concurrence*, deprived the plaintiff of his right to another *ca. sa.* If the mere arrest is no bar to other process on the judgment, it would seem to be a harsh construction of the law, and against the policy of our legislation on this subject, which has sought to mitigate the severity of the execution by *ca. sa.*, to decide that the party arrested can offer no terms to his creditor, however leniently disposed, which he can accept without releasing the debt. But this case is different in a material fact from that in 4*th Gill.* The party there was discharged without his own concurrence. Here there was an agreement between plaintiff and defendant for that purpose. It appears by the act of 1789, ch. 42, that doubts on this question had been entertained, and for settling the law that act provides, that a plaintiff may elect, with the consent of the defendant, not to call the *ca. sa.* on which he may be arrested, and may afterwards proceed, by a new execution or other process, in the same manner as if the party had not been arrested on the former writ of execution. If it appeared by this record, that the *ca. sa.* had been returned and entered, "not called by consent," there could be no doubt on the question. The act does not specify how the assent shall be evidenced. The plea shews, that the appellant was discharged from custody, by consent of parties, on payment of part of the debt, which, we think, was a sufficient election and agreement by the plaintiff and defendant, not to call the

*ca. sa.*, and entitled the plaintiff to other process for the recovery of the residue.

We can discover no difference in principle between the defence made by the fourth plea, and that stated in the case of *Somervell vs. Marbury*, 7 *G. &. J.*, 275. There the principal debtor had been taken under a *capias ad respondendum*, returned *cepi*, and at the appearance term the case was stricken off by the plaintiff, on payment of the interest then due on the debt. The court held, that the discontinuance did not exonerate the surety upon his liability on the bond. The appellant's counsel contend, that it was the duty of the plaintiff to call the case and default the sheriff, if he did not produce the defendant, Wheeler; and that this was a right held by the creditor against the debtor, to which his sureties were entitled, and which they have lost by the act of the plaintiff. A surety may acquire all the rights of the creditor against the principal debtor, but it is upon the assumption, that the creditor has been, or is to be, fully paid. *Creger vs. Brengle*, 5 *H. & J.*, 234. *Union Bank vs. Edwards*, 1 *G. & J.*, 346. It was competent for Lawson to have paid this debt, and proceeded against his principal at any time before or after that action was dismissed. 2 *G. & J.*, 230. 6 *G. & J.*, 243. There being no question raised on the issues to the first and second pleas, and the appeal as to the demurrer to the fifth plea having been abandoned, we have confined our attention to the ruling of the court upon the demurrers to the third and fourth pleas.

<div align="right">

*Judgment affirmed.*