JONES and Another *v.* RANSOM.

To affect a person with notice of a fact by communications made to one alleged to have been his agent, the agency of the latter must first be proved.

While the law was, that, where evidence was objected to, the grounds of the objections should be stated, objections were made without assigning the reasons. *Held,* that they were correctly overruled.

An attorney at law to whom a claim has been sent for collection, and who has obtained a judgment thereon, cannot, without special authority, receive, by way of compromise, notes of third persons in satisfaction of the judgment.

A judgment may be discharged by the receipt of assigned notes of a less amount than the judgment in satisfaction thereof.

APPEAL from the *Vigo* Circuit Court.

*Wednesday, May 26.*

BLACKFORD, J.—This is a case of *scire facias,* issued on the 21st of *February,* 1848, in favor of *Ransom* against *Ezra M.* and *Joseph V. Jones,* to revive a judgment. The judgment was rendered by the *Vigo* Circuit Court, at the *June* term, 1838, for 799 dollars and 80 cents.

To this *scire facias,* the defendants pleaded payment.

The cause was tried by the Court, and execution awarded for the whole amount of the judgment.

On the trial, *Ransom* gave in evidence the record of the judgment described in the *scire facias.*

The defendants introduced evidence tending to show the following facts:

The judgment described in the *scire facias* was obtained for *Ransom* by *Kinney* and *Barbour* as attorneys at law of *Ransom.*

In *July,* 1838, said *Barbour* wrote to *Ransom,* who lived in *New York,* informing him of the judgment; and that the said *Joneses* were not able to pay all their debts, but that he, *Barbour,* would not make a compromise with them, unless directed to do so.

In *December,* 1838, *Kinney* and *Barbour,* as attorneys as aforesaid of *Ransom,* received, by way of compromise, from the *Joneses* several promissory notes on various individuals, to the amount of 600 or 700 dollars, in satis-

faction of the judgment, which notes were assigned to *Ransom*.

In *February*, 1840, said *Barbour* paid to one *Gibson* 100 dollars for *Ransom*, being money collected on said assigned notes.

In *August*, 1846, *Ransom* wrote to *Griswold* and *Usher*, attorneys at *Terre Haute*, requesting them to collect his claim due from the *Joneses*. In that letter, *Ransom* says that he had, about seven years before, sent the claim to *Kinney* and *Barbour* for collection; and he acknowledges having received from *Gibson* the 100 dollars which *Barbour* had previously paid to *Gibson* as aforesaid.

*Griswold* and *Usher*, soon after the receipt of *Ransom's* said letter to them, showed the letter to *Barbour*, informing him that *Ransom* disapproved of the said compromise.

In *August*, 1848, *Barbour* transmitted to *Ransom*, in a letter, 231 dollars and 34 cents, saying that that closed the doings of *Kinney* and *Barbour* in the premises. The letter inclosing that money informed *Ransom* of said compromise, and stated that the writer, *Barbour*, had informed him of the same, by letter, in *November*, 1846, and stated further that in the letter of 1846, there was inclosed the sum of 452 dollars and 59 cents, as money collected on said assigned notes.

In *October*, 1848, *Ransom*, in a letter to *Griswold*, acknowledged the receipt from *Barbour*, of said 231 dollars and 34 cents.

There is also a receipt for said remittance of 452 dollars and 59 cents, made by *Barbour* to *Ransom* after the business came to the hands of *Griswold* and *Usher*.

On the trial, the defendants offered to prove that *Barbour*, when he paid *Gibson* the 100 dollars, told him of said compromise, but the evidence was rejected, and we think rightly. It does not appear that *Gibson* was *Ransom's* agent, or that he ever informed *Ransom* of what *Barbour* had told him.

Part of the evidence offered by the plaintiff was ob-

jected to, and the objection was correctly overruled. The ground of the objection does not appear to have been shown, as the law required when this trial was had. The plaintiff was not bound by the compromise at the time it was made; the attorneys at law having no authority to make it. *Miller* v. *Edmonston*, 8 Blackf. 291. We are of opinion, however, that on the evidence tending to show payments to *Ransom* and to raise a presumption of his ratification of the compromise, there ought to be another trial.

The objection made to the compromise that the amount of the assigned notes received in satisfaction of the judgment was less than the amount of the judgment, is not sustainable. See *Thompson* v. *Percival*, 5 Barn. and Adol. 925.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. Judah, J. H. Henry*, and *C. W. Barbour*, for the appellants.

*W. D. Griswold* and *J. P. Usher*, for the appellee.