(Decided March 24th, 1864.)

JOHN McCULLOUGH AND WILLIAM KELLY *vs.* THE FRANKLIN
COAL COMPANY.

SCIRE FACIAS: PLEADING: ACCORD AND SATISFACTION is a proper plea to a'
*scire facias* on judgment.—A plea to such *scire facias* which distinctly avers
an agreement to compromise a suit then pending in the Court of Appeals,
for valuable considerations, in satisfaction and discharge of the judgment
appealed from, and the performance of all the conditions on the part of the
judgment debtor, *including the payment of the money agreed on,* is a suffi-
cient plea of accord and satisfaction.    And the omission of an averment
that the acts done on the part of the judgment debtor in satisfaction, *were
received and accepted in satisfaction and discharge,* is the omission of what is
necessarily implied in the preceding averments of the plea.

APPEAL from the Circuit Court for Allegany County :

This was a *scire facias* issued December 15th, 1859, upon
a judgment recovered by the appellants October 20th,
1856, against the appellee for $8275.35, with interest and
costs.  The defendant pleaded five pleas: 1st. *Nul tiel re-
cord;* 2nd and 3rd, *payment;* 4th and 5th, special pleas. Is-
sues were joined on the 1st, 2nd and 3rd pleas, and de-
murrers filed to the 4th and 5th.   The 5th plea was aban-
doned, but the demurrer to the 4th plea, was overruled,
the plea sustained and the *scire facias* quashed.

The only question now presented, relates to the validity
of the fourth plea, which, after setting forth the judgment,
proceeds as follows :

"And that at the trial of the case in which said judg-
ment was rendered, exceptions were taken by the said

defendant to instructions in law given by the said Circuit Court upon the prayers submitted by the said plaintiffs, and an appeal prayed, and the usual record in such cases, afterwards, to wit, on the 16th day of January 1857, transmitted to the Court of Appeals of Maryland, and that whilst the said case was pending in the said Court of Appeals and remained undecided, to wit, on the 17th day of July, in the year 1857, the said plaintiffs agreed with the said defendant to adjust and compromise the said case upon the terms following, to wit, that the said plaintiffs would receive, and the said defendant would pay, in satisfaction and discharge of the said damages, costs and charges for which the said judgment was rendered aforesaid, the sum of four thousand and thirty-five dollars, to be paid by instalments in the manner and at the dates following, to wit: fifteen hundred dollars upon draft, payable at two days after sight, to be drawn on or before the 20th day of the then current month of July, by Samuel M. Semmes, attorney for the said defendant, in favor of John McCullough, plaintiff, and delivered to him or his attorney, George A. Pearre, and the balance in two equal sums upon two joint bonds of the said defendant and a certain Thomas Wilson, surety for the said defendant, to be properly executed and delivered to the said John McCullough; each bond being for the sum of twelve hundred and sixty-seven dollars and fifty cents, one made payable on or before the 20th day of January then next, with interest from the 20th day of the then current month of July, and the other made payable on or before the 20th day of April then next, with interest from the like date as the first mentioned bond; and further, that the said case on appeal pending in said Court of Appeals as aforesaid, should be dismissed from the docket of the said Court of Appeals, and the judgment rendered as aforesaid in the said Circuit Court should be curtailed to the said sum of four thousand and thirty-five dollars, and that after the draft and bonds aforesaid were paid, the said judgment should be entered satisfied. Now

the said defendant saith that afterwards, and before the issuing of the said *scire facias* aforesaid, in this cause, it, the said defendant, fully and punctually performed and fulfilled all its promises and undertakings to the said plaintiffs made by the said agreement, and which it had to perform and fulfill pursuant to the said terms of settlement and compromise contained in the said agreement; that it delivered to the said John McCullough the draft and bonds severally drawn and executed, in respect to dates, sums, times of payment, and the bearing of interest, as specified and required by the said agreement; that it caused its said case of appeal to be dismissed from the docket of the Court of Appeals; that the Clerk of the said Circuit Court, upon proper order filed in the case, curtailed the said judgment in conformity to the said terms of settlement and compromise, by noting amongst the docket entries of the case in the said Circuit Court the figures and words following, to wit: "1857, July 20.—Release $4,275.35, and costs $00.8$\frac{1}{3}$, per order filed;" and that at the dates, &c., severally prescribed for the payment of the said draft and bonds, it, the said defendant, fully and punctually paid to the said John McCullough the several sums of money mentioned in the sad draft and bonds, with the interest thereby required. Whereupon the said judgment became and was satisfied, and the said defendant discharged and released from the said damages, costs and charges, for which the said judgment was rendered against it as aforesaid, to wit, at the county aforesaid, all of which the said defendant is ready to verify. Whereupon it prays judgment if the said plaintiffs ought to have their execution against it for the damages, costs and charges aforesaid, in the said writ of *scire facias* aforesaid above mentioned," &c. To this plea the plaintiffs filed the following demurrer:

"And thereupon the plaintiffs, by their attorney aforesaid, say that the defendant's fourth plea is bad in substance, because it contains no averments of matter suffi-

cient in law to satisfy or extinguish the judgment in said writ of *scire facias* mentioned, and because it amounts to a plea of accord and satisfaction, which is not allowable by law to a *scire facias* on judgment; and because it does not state a sufficient consideration for the agreement it alleges, nor point out affirmatively and specially the performance by the defendant of said agreement in each and every point part and respect, nor aver that the said draft and bonds mentioned therein, were accepted by the plaintiffs in satisfaction of the said judgment, nor set forth sufficient consideration or authority for curtailing or reducing said judgment to $4,035, nor state and show forth specifically any sufficient authority to the Clerk of the said Circuit Court to enter the release of $4,275.35, and costs .8⅓, and thereby nullify the records of the Court and the rights of the plaintiffs; and because said plea sets up a mere agreement to receive a less sum in satisfaction of a judgment for the double amount to be paid under said agreement; and because the acceptance of the said draft and bonds by the plaintiffs, and the payment of them by the defendant, would not merge or extinguish the said judgment only as to the extent of the money so received; and because the said judgment can only be discharged by payment, or a matter of as high a nature in law as itself."

The Court, (PERRY, J.,) held, that the matters contained and alleged in this plea were sufficient in law to quash the said writ of *scire facias*, and gave judgment against the plaintiffs for costs, and from this judgment this appeal is taken by the plaintiffs below.

The cause was argued before BOWIE, C. J., and BARTOL and GOLDSBOROUGH, J.

*O. Miller*, for the appellant:

1st. To a *scire facias* issued to revive a judgment, the only pleas in bar that can be made, are *nul tiel record* and *pay-*

*ment.* At common law, a plea of payment was not good, because payment was matter *in pais* and not of record, but by *Statute 4th Anne, ch.* 16, *sec.* 12, (found applicable here, *Kilty's Rep. of Statutes,* 246,) payment may be pleaded to actions brought on records. To bring himself within this statute, the party must have *paid all the money* due on the record or judgment, so that the *whole* of such judgment must have been satisfied, and if it does not go to this extent, a plea of actual payment is bad. Under this statute, also, a plea of *accord and satisfaction* is insufficient, as the statute only authorizes a plea of payment. Now this plea is bad as a plea of payment, because it does not show payment of the whole of the money due on the judgment, and it cannot be sustained as a plea of accord and satisfaction, because such a plea is not allowable to a *scire facias* on a judgment. 8 *Bac. Abr.,* 625, 626. *Cardesa vs. Humes,* 5 *Sergt. & Rawle,* 65. 1 *Chitty's Pl.,* 485. *Campbell vs. Booth,* 8 *Md. Rep.,* 107. *Jones vs. Ricketts,* 7 *Md. Rep.,* 108. *Seymour vs. Minturn,* 17 *Johns,* 174. 1 *Comyn's Digest,* 199, 203, "*Accord,*"—"*Arbitrament.*" *Miller vs. State, use of Fiery,* 12 *Md. Rep.* 207.

2nd. The plea avers, " that the clerk of the said Circuit Court, upon *proper order* filed in the case, *curtailed* the said judgment in conformity to the said terms of settlement and compromise, by noting amongst the docket entries of the case in the said Circuit Court, the figures and words following, to wit: ' 1857, July 20.—Release $4,275.35, and costs $00.8⅓, per order filed.' " This is bad. The clerk has no authority to make such an entry, so as in any way to affect the judgment. The Act of 1840, ch. 94, allows the clerk to enter any *judgment satisfied* upon the order in writing of the plaintiff or his attorney, to be filed among the papers. If this docket entry of a release of part of the judgment could be construed to come within the provisions of this Act, (which is denied,) the plea should have stated specifically that it was done upon the order in writing of the plaintiffs or their attorney, and that such order was

filed among the papers in the cause. Where such an entry is relied on, the law must be strictly complied with, and the plea must show it. *Campbell vs. Booth,* 8 *Md. Rep.,* 107. But this law only authorizes the entry of *satisfaction*—it does not allow a *release of a part* of the judgment to be entered, and the entry therefore made in this case by the clerk, was wholly unauthorized, and cannot affect the judgment.

3rd. But even if accord and satisfaction could be pleaded in this case, still this plea is bad as a plea of accord and satisfaction. It does not aver the *acceptance* of the bonds and draft by the plaintiffs *in satisfaction* of the judgment, which is essential to the plea. It sets up a mere *agreement to receive* a less sum in satisfaction of a judgment for double the amount to be paid under the agreement. 1 *Smith's Lead. Ca.,* 445, 446, 451.

4th. The plea does not state a sufficient consideration for the agreement set up in it, nor does it point out affirmatively and specially the performance by the defendant of the agreement in each and every point, part and respect.

5th. The acceptance of the draft and bonds mentioned in the plea, would not merge or extinguish the judgment only to the extent of the money so received. A judgment can only be discharged by payment in full, or by matter of as high a nature in law as the judgment itself.

*Thomas J. McKaig,* for the appellee:

The appellee insists that the fourth plea to the *scire facias* is sufficient in form and substance to bar the recovery sought by the plaintiffs, and that the ruling of the Court, on the demurrer to that plea, was right.

That the pendency of the appeal set out in said fourth plea, the additional security received of the amount agreed upon, its payment and the entry of satisfaction on the record, show sufficient consideration to sustain the plea and bar the recovery. 1 *Smith Lead. Ca.,* 150, and notes to the case of *Cumber vs. Wane.* Same case in 1 *Strange,* 426, and the authorities there cited. *Smith vs. Stone, et al.,* 4 *G. & J.*

310.  *Hardey, et al., vs. Coe,* 5 *Gill,* 196.  *Western Bank vs. Kyle,* 6 *Gill,* 351.  *Jones vs. Ricketts,* 7 *Md. Rep.,* 107.  *Ward vs. Hollins,* 14 *Md. Rep.,* 166.  *Booth vs. Campbell, Tr., &c.,* 16 *Md. Rep.,* 569.

2nd.  That the admission by the demurrer of the facts stated in the fourth plea, shows that there was no such record as that recited in the *scire facias,* and the judgment of the Court on that plea was right.  That at the time of plea pleaded, there was no such judgment. .

. There is no judgment of the Circuit Court for Allegany county, as relied on—the judgment having been appealed from.  Such is not a judgment as contemplated by the authorities.

BOWIE, C. J., delivered the opinion of this Court:

The appellants sued out a writ of *sci. fa.* on the 15th December 1859, to revive a judgment obtained on the 20th October 1856, against the appellees.

Several pleas were filed, on some of which issues were joined, but the fourth special plea, which is in the nature of a plea of accord and satisfaction, setting forth facts in bar of the further execution of the judgment, was demurred to by the appellants, the plaintiffs below, which demurrer being overruled and judgment thereon for the defendant, the plaintiffs appealed.  The appellants contend that the only pleas in bar to a *scire facias,* are "*Nul tiel record,*" and *payment;*" the latter of which was given by the *Statute* 4 *Anne, ch.* 16, *sec.* 12.

The command of the writ is, to show cause why execution should not be had.  The writ of "*scire facias quare executionem non,*" is classed among actions, and a release of all actions is held to be a good bar to the writ.  That it may be barred by pleading matters subsequent to the judgment, partly in *pais* and partly of *record,* appears from the cases of *Harden vs. Campbell,* 4 *Gill,* 29, and *Campbell. vs. Booth,* 15 *Md. Rep.,* 569.

In the last mentioned case, the second plea to the *sci. fa.* alleged matters *in pais*, resembling strongly the facts pleaded in bar in the present. A demurrer was filed by the plaintiff and sustained by the Court below; upon appeal, the judgment was reversed, the Court declaring: "We are also of opinion, that the matters alleged in the second plea, are a valid defence to the *scire facias*, as showing an accord and satisfaction, and that it was error in the Court below to sustain the demurrer to the second plea."

Although it does not appear that the authorities now relied on against the plea of accord and satisfaction, were cited in the case of *Campbell vs. Booth*, yet the decision is so conformable with the great purposes of the writ, and sustained by analogy to other pleas of acknowledged validity in this State, and consonant with justice, that we are not disposed to disregard the authority of that decision. The specific objections in the demurrer in this case, are rather for informalities of averment, than defects in substance. The agreement to compromise the suit then pending in the Court of Appeals, for valuable considerations, in satisfaction and discharge of the judgment of the appellants, the performance of all the conditions on the part of the appellee, including the payment of the money agreed on, is distinctly averred. The omission of the averment, that the acts done on the part of the appellee in satisfaction, were received and accepted in satisfaction and discharge, was the omission of what was necessarily implied in the preceding averments of the plea.

Deeming the plea demurred to, sufficient in substance, we concur with the Court below in overruling the demurrer, and affirm the judgment.

*Judgment affirmed.*

(Decided March 24th, 1864.)