## Savage *et al. versus* Everman.

1. "Accord and satisfaction" is a good defence to a proceeding on a judgment.

2. A defence which has arisen since a judgment, may be set up in a subsequent proceeding.

3. An *agreement* to accept something collateral to a debt, is without consideration and not binding; it is made effectual by *acceptance*.

4. Accepting a less sum of money than that due is not a discharge.; but if it *may* be advantageous, the court cannot measure the extent of the advantage.

5. An agreement to give a less sum for a greater, if the time of payment be anticipated, is binding.

6. The delivery of specific articles is satisfaction of a money debt; the law intends that they are more valuable than the debt to the creditor accepting the arrangement.

7. A debtor in Pennsylvania agreed to convey, and his creditor to accept, land in New Jersey, in satisfaction of his debt. To effectuate the agreement he went into New Jersey, submitted to service, judgment was rendered against him by default and in pursuance of the agreement, the creditor purchased the land at sheriff's sale. under the judgment, at a less sum than the debt. This was a good defence in an action upon the judgment for the balance.

8. The sale by the sheriff was a formal method to pass the title and the price was of no consequence.

9. The defendant under the agreement might have allowed the creditor to purchase at a nominal sum.

10. Generally the Supreme Court will enter judgment on the whole record as the lower court should have done; but where injustice might thus be done, the record will be remitted to the lower court for further proceedings.

[Savage *v.* Everman.]

January 4th 1872.   Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ.   WILLIAMS, J., at Nisi Prius.

Error to the District Court of *Philadelphia*: No. 75, to July Term 1870.

This was an action of debt, to March Term 1868, of the District Court, brought by John W. Everman against John R. Savage and others, trading as Savage, Martin & Co.   The cause of action was a judgment by default in the Supreme Court of New Jersey, in a suit by the plaintiff against the defendants, for $810.47.

In the suit in the District Court, the defendants pleaded "Nil deberunt," "Nul tiel record," and "Payment with leave, &c." They also pleaded specially, viz.:—

"That after the making of the said several promises (for the non-performance of which damages were recovered as is alleged by the plaintiffs) in the declaration mentioned and before the commencement of this suit, it was agreed between the said John W. Everman, who was a resident of the state of Pennsylvania, and John R. Savage & Co., who were also residents of the said state, and who were the owners, &c., of certain real estate in the state of New Jersey, that the said John R. Savage, &c., should permit and cause to be effected a sheriff's sale of the said real estate, and that the said John W. Everman should at the said sale purchase the said estate and receive the same, and the title of the said John R. Savage, &c., in full satisfaction and discharge of the said several promises and of the sums of money due by reason of the said promises, and of all damages arising therefrom.

"And the defendants aver that to fulfil and carry out the said agreement, the said John R. Savage went into the state of New Jersey, and there accepted the service of a writ of summons for himself and his partners, in a suit which had been commenced in the state last aforesaid, by the present plaintiff against the present defendants, that the said suit was so proceeded in by the plaintiff, no defence being made by the defendants, that judgment was obtained, which is the same set forth in the declaration; and execution issued thereon, by virtue whereof a sale by the sheriff of Camden county, in the state of New Jersey, was had of the said real estate and title of the defendants, at which sale the plaintiff purchased the real estate and title aforesaid, and then accepted and received the same   *   *   *   in full satisfaction and discharge of the said promises and of all the sums of money in the declaration mentioned, and of the said damages."

The plaintiff replied to the pleas; but at the trial, by leave of the court, withdrew the replication to the special plea and demurred:—

"For that the first part thereof sets forth matter which is not pleadable against the record sued on, and the second part thereof

[Savage *v.* Everman.]

does not aver payment after judgment rendered. And the said plea is wholly argumentative, and contains no traverse."

The court entered judgment for the plaintiff on the demurrer.

On the trial, January 25th 1870, before Hare, P. J., the defendant, under the general issue, offered to prove the matters set out in the special plea.

The court rejected the offer and sealed a bill of exceptions; under the instruction of the court, a verdict was rendered for the plaintiff for $862.24.

The defendants took out a writ of error. They assigned for error, rendering judgment for the plaintiff on the demurrer, rejecting the defendants' offer of evidence, and instructing the jury to find for the plaintiff.

*J. R. Read* and *H. Hanson,* for plaintiffs in error.—The acceptance of a chattel in satisfaction of what is due is a discharge of the debt, though the chattel be of less value than the amount of the indebtedness : Littleton, § 344; Blake's Case, 6 Reports 342. If a plaintiff accept the thing, though but for a moment, for that for which the other gives it, he cannot by his subsequent dissent get rid of it : Hardman *v.* Bellhouse, 9 M. & W. 596. The acceptance of a chattel irrespective of the sufficiency of its value, discharges an indebtedness on a simple contract if it be received as satisfaction : Sibree *v.* Tripp, 15 M. & W. 22; Blinn *v.* Chester, 5 Day 359; Reed *v.* Bartlett, 19 Pick. 273; Very *v.* Levy, 13 How. 345; Pennel's Case, 5 Reports 117. There can be no averment in pleading against the validity of a record, though there may be against its operation : 1 Chitty Pl. 512; Biddle *v.* Wilkins, 1 Pet. 686; Lincoln *v.* Tower, 2 McL. 473; Hearn *v.* Kiehl, 2 Wright 147.

The same defence can be made here to the judgment as could be made in New Jersey : Mills *v.* Duryee, 7 Cranch 481; Hampton *v.* McConnel, 3 Wheaton 234; McElmoyle *v.* Cohen, 13 Pet. 312; Baxley *v.* Linah, 4 Harris 241. Control is exercised over judgments by the courts, guided by the principles of equity.

*G. Bull,* for defendant in error.—In a suit on a judgment in another state, the defendant cannot set up fraud, mistake or want of consideration : Evans *v.* Tatem, 9 S. & R. 260; Benton *v.* Burgot, 10 Id. 240; Baxley *v.* Linah, 4 Harris 241; Swan *v.* Scott, 11 S. & R. 155; Baker *v.* Lukens, 11 Casey 147. Parol evidence cannot be used to explain or deny the truth of a record : Selin *v.* Snyder, 7 S. & R. 172; Withers *v.* Livezey, 1 W. & S. 433; Buffington *v.* Burham, 4 P. L. J. 418; Clark *v.* McComman, 7 W. & S. 469; Gallagher *v.* Kennedy, 2 Rawle 163; McClelland *v.* Slingluff, 7 W. & S. 134; 5 Barr 469; Gardner *v.* Davis, 3 Har-

ris 41; Musser *v.* Hyde, 2 W. & S. 314; Graham *v.* Smith, 1 Casey 323; Woods *v.* Wallace, 10 Harris 175. A parol release of a written obligation must be founded upon a sufficient consideration: Albert's Executors *v.* Zeigler's Executors, 5 Casey 50; Miller *v.* Hemler, 5 W. & S. 486; Kidder *v.* Kidder, 9 Casey 268.

The opinion of the court was delivered, January 29th 1872, by SHARSWOOD, J.—Anciently, it seems to have been considered that nothing could be pleaded to an action on a judgment which was matter *in pais* and not of record. Thus even payment was held (30 Eliz.) not to be a good plea: Ordway & Perote's Case, 2 Leon. 213. Of course accord and satisfaction fell within the same category: Littleford *v.* LeMayn, Cro. Jac. 579. For remedy, it was enacted by the statute (4 Anne, c. 16, sect. 12), that "where any action shall be brought upon any single bill, or where action of debt or scire facias shall be brought upon any judgment, if the defendant hath paid the money due upon such bill or judgment, such payment shall and may be pleaded in bar of such action or suit." This statute, as to this and some other sections, was reported by the judges of the Supreme Court as in force in this state: 3 Binn. 625; Roberts' Dig. 45. There is a similar statute in New Jersey: Gulick *v.* Loder, 1 Green 68. It is said in 2 Saund. on Pl. & Ev. 115, that accord and satisfaction cannot be pleaded under this statute. He cites 4 Moore 165, but that must be a mistake, as it contains nothing to the point. Whether under this statute or at common law, the American authorities, without a single exception that I can find, maintain the contrary doctrine—that accord and satisfaction is a good defence to an action or other proceeding on a judgment: Witterby *v.* Mann, 11 Johns. 568; Boyd *v.* Hitchcock, 20 Id. 76; Le Page *v.* McCrea, 1 Wend. 164; Brown *v.* Feeter, 7 Id. 301; Evans *v.* Wells, 22 Id. 224, 341; La Farge *v.* Herter, 11 Barb. S. C. Rep. 159; Campbell *v.* Booth, 4 Gill. 29; McCullough *v.* Franklin Coal Co., 21 Maryland 256; Reid *v.* Hibbard, 6 Wis. 175; Jones *v.* Rahcom, 3 Ind. 327; Farmers' Bank *v.* Groves, 12 Howard U. S. Rep. 51. In the recent case of Maute *v.* Gross, 6 P. F. Smith 250, it was assumed, apparently without question, that such was the law in this state. There the defendants confessed a judgment in favor of the plaintiffs under a cotemporaneous agreement by them, that they would accept in satisfaction lubricating oil of a certain quality, according to sample. The only question was, whether oil of that quality had been furnished, and an issue had been directed to determine that fact. It is certainly within the spirit, if not the letter of the statute of 4 Anne, to admit as a good plea in bar whatever in law or equity amounts to a discharge and satisfaction of the debt secured by the judgment. A text

[Savage *v.* Everman.]

writer of great respectability so states it: 2 Troubat & Haly 13, edition of 1853. The simple, intelligible and well-settled rule on this subject is, that wherever a defence exists, which has arisen since the judgment, and which could not therefore have been available at the time it was rendered, it may be set up in any subsequent proceeding: Cardesa *v.* Humes, 5 S. & R. 65; Thatcher *v.* Gammon, 12 Mass. 270.

Upon this principle, the evidence offered by the defendants ought to have been received. It was admissible under the plea of payment with leave to give the special matter in evidence. As no objection was made, we are bound to presume that due notice was given, or was waived. The matter contained in the offer could not have availed the defendants as an answer to the demand of the plaintiff in the original suit. All that took place before the rendition of the judgment was a mere accord without satisfaction. An agreement to accept something collateral to the debt is without consideration, and therefore not binding. What made it effectual was actual acceptance by the plaintiff, and this was not until after the judgment: Hearn *v.* Kiehl, 2 Wright 147. Here, by the accord, a house and lot was agreed to be accepted in satisfaction. Afterwards, and in pursuance of this accord, it was actually conveyed to the plaintiff and accepted by him. It matters not how the title was conveyed, if it was under and in pursuance of the original accord. The learned judge below appears to have thought " that facilitating the recovery of a just demand, the defendant merely hastened an event which was in contemplation of law inevitable." While this, certainly, is a sound reason for holding that a mere accord founded upon such a consideration would not be binding, it is inapplicable when the accord is actually executed by acceptance in satisfaction. Even in this case, the accord must certainly be presumptively advantageous. Therefore, acceptance of a less sum in money than the amount due is not good. But if it may be advantageous, the extent of advantage the court is not competent to measure. By gaining time, the plaintiff may have secured a priority over others, and at all events he became possessed of something of value sooner than by the due course of law he otherwise would. Indeed, without an acceptance of service by the defendants in New Jersey, the only process by which their property in that state could have been reached, must have been something in the nature of a foreign attachment— a proceeding against an absent debtor, and the policy of all laws is to interpose in such a proceeding more than the usual delays. It is well settled that the value of a collateral thing accepted in satisfaction of a cause of action is of no importance upon the question of its sufficiency: Hardman *v.* Bellhouse, 9 M. & W. 596; Sibree *v.* Tripp, 15 Id. 22. In Very *v.* Levy, 13 Howard U. S. Rep. 345, it is said by Mr. Justice Curtis: " An agree-

[Savage *v.* Everman.]

ment to give a less sum for a greater, if the time of payment be anticipated, is binding, the reason being, as expressed in Pennel's Case, 5 Co. 117, that peradventure parcel of the same, before the day, would be more beneficial than the whole sum on the day: Co. Litt. 212 b, Com. Dig. *Accord* B. 2; Brooks *v.* White, 2 Met. 283. And when the time of payment is. not anticipated, the law deems the delivery of specific articles a good satisfaction of a money debt, because it will intend them to be more valuable than the money to the creditor, who has consented to the arrangement: Bac. Abr. *Accord* A.; Pennel's Case, 5 Co. 117; Booth *v.* Smith, 3 Wend. 66; Kellogg *v.* Richards, 14 Wend. 116; Steinman *v.* Magnus, 11 East 390; Lewis *v.* Jones, 4 B. & C. 513."

Nor can it be maintained with any show of reason, that because the property was purchased at the sheriff's sale for a sum less than the amount of the judgment, the value of the thing has thus been legally ascertained, and that amount being credited on the judgment it stands therefore on the same footing as an acceptance of a part of a debt which cannot in law be a sufficient satisfaction of the whole. The sale in this case was a mere formal method of passing the title—the price being of no more consequence than would have been the consideration named in a deed by the defendants to the plaintiffs; he having in pursuance of his accord accepted the house and lot in full satisfaction of the judgment. It was not necessary that the defendants should offer to show that they had abstained from bidding. It is questionable whether they had any right to bid. They were perfectly safe under the accord in allowing the plaintiffs to purchase at any sum, even a merely nominal one. This course of reasoning evinces that the special plea was good, and as the demurrer admitted the facts to be true, the defendants below were entitled to judgment.

In general this court will enter such a judgment on the whole record as the court below should have entered. But we are not bound to do so. We may remit the record to the court below for further proceeding where it is possible that otherwise injustice may be done. The replication to the special plea appears to have been withdrawn and the demurrer filed while the case was under trial, and as the learned judge had ruled out the evidence offered, it is highly probable that this course was adopted on the strength of his opinion, if not at his suggestion. Under these circumstances we think the learned court below should decide whether the plaintiff below should have leave to withdraw his demurrer, and a *venire de novo* awarded.

> Judgment reversed, and record remitted for further proceedings.