142 So. 772

## HARRISON v. CARPENTER.

### 8 Div. 433.

Supreme Court of Alabama.

June 23, 1932.

Wm. L. Chenault, of Russellville, for appellant.

C. P. Almon, of Florence, for appellee.

ANDERSON, C. J.

[1] As suggested in brief of appellant's counsel, that while there are eleven' assignments of error, they involve but one proposition, and that is, "whether or not the de-, fendant, the appellee here, can attack the judgment of the circuit court of Lawrence County, Alabama, collaterally." We may concede that said judgment cannot be collaterally attacked by this appellant, but, as we, understand, from the issue and evidence, there was no attempt to attack the appellant's judgment or to alter the status existing upon the rendition of same, but to merely show an accord and satisfaction of same after it was rendered and before the trial of. this cause. While the appellant's judgment was in rem, that is, fixed a lien on the land,. yet, if the debt or demand upon which the,

judgment was obtained was satisfied, this would in legal effect satisfy and discharge the lien.

In this connection we can do no better than cite and quote from the opinion of Savage v. Everman, 70 Pa. 315, 10 Am. St. Rep. 676, 678: "Anciently, it seems to have been considered that nothing could be pleaded to an action on a judgment which was matter in pais, and not of record. Thus even payment was held (30 Eliz.) not to be a good plea; Ordway & Parrot's Case, 2 Leon. 213. Of course, accord and satisfaction fell within the same category. Lutterford v. LeMayre, Cro. Jac. 579. For remedy, it was enacted by the statute (4 Anne, c. 16, sect. 12), that 'where any action shall be brought upon any single bill, or where action of debt or scire facias shall be brought upon any judgment, if the defendant hath paid the money due upon such bill, or judgment, such payment shall and may be pleaded in bar of such action or suit.' This statute, as to this and some other sections, was reported by the judges of the Supreme Court as in force in this State, 3 Bin. 625; Roberts' Dig. 45. There is a similar statute in New Jersey; Gulick v. Loder, 1 J. S. Green, 68. It is said in 2 Saund. on Pl. & Ev. 115, that accord and satisfaction cannot be pleaded under this statute. He cites 4 Moore, 165, but that must be a mistake, as it contains nothing to the point. Whether under this statute or at common law, the American authorities, without a single exception that I can find, maintain the contrary doctrine—that accord and satisfaction is a good defense to an action or other proceeding on a judgment. Witherby v. Mann, 11 Johns. 518; Boyd v. Hitchcock, 20 Johns. 76 [11 Am. Dec. 247]; Le Page v. McCrea, 1 Wend. 164 [19 Am. Dec. 469]; Brown v. Feeter, 7 Wend. 301; Evans v. Wells, 22 Wend. 324, 341; La Farge v. Herter, 11 Barb. [159]; Harden v. Campbell, 4 Gill. 29; McCullough v. Franklin Coal Co., 21 Md. 256; Reid v. Hibbard, 6 Wis. 175; Jones v. Ransom, 3 Ind. 327; Farmers' Bank v. Groves, 12 How. (U. S.) 51 [13 L. Ed. 889]; * * * A text writer of great respectability states it; Troubat & Haly, 13, edition of 1853. The simple, intelligible, and well-settled rule on this subject is, that wherever a defense exists, which has arisen since the judgment, and which could not therefore have been available at the time it was rendered, it may be set up in any subsequent proceeding. Cardesa v. Humes, 5 Serg. & R. 65; Thatcher v. Gammon, 12 Mass. 270."

The forfeiture against Gore and his sureties, including the appellant, had not been set aside when the appellant sued Gore and attached his land, and was not therefore available as a defense. But said forfeiture had been satisfied and annulled by the Governor before the present case was tried, and, being the basis or foundation of the appellant's judgment, the defendant, the appellee here, had the right to show that the appellant's judgment against Gore had been satisfied, and he had no lien on the land and no right to maintain this suit against this appellee, except for the cost of forfeiture, which was not included in the Governor's order remitting the said forfeiture.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.