# Spencer, Appellant, *v.* Spencer.

*Judgments — Opening of judgments — Defenses — Payment —*
*Deeds—Acceptance of benefit under deed—Estoppel.*

1. A party who accepts the benefit of a deed becomes as fully
bound by the conditions thereof as if he had signed it.

2. Where the maker of a judgment note conveyed to the payee
certain real estate in fee in consideration of an agreement by the
payee to pay the debts of the maker including that for which the
note was given and the payee took and treated the property as her
own, the lower court properly found in an action on the judgment
note that the debt for which the note was given had been paid.

Argued Feb. 24, 1916.   Appeal, No. 462, Jan. T., 1915,
by plaintiffs, from order of C. P. Lackawanna Co., Oct.
T., 1912, No. 7, dismissing exceptions to report of referee
and entering judgment thereon in case of F. M. Spen-
cer, et al., Surviving Executors of the Last Will and Tes-
tament of Susan Spencer, Deceased, v. A. L. Spencer.
Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER
and WALLING, JJ.   Affirmed.

Rule to open judgment.

Exceptions to report of R. W. Archbald, referee.   Be-
fore EDWARDS, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed exceptions to the report of the
referee, and entered judgment thereon.   Plaintiffs ap-
pealed.

*Errors assigned* were in dismissing the exceptions.

*S. B. Price* and *M. J. Martin,* with them *C. B. Price*
and *J. H. Price,* for appellants.

*W. S. Diehl,* with him *W. W. Watson* and *Jas. K,*
*Gearhart,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, April 17, 1916:

On June 10, 1912, judgment was entered in favor of the executors of Susan Spencer, deceased, against Ambrose L. Spencer, her son, on a judgment note, bearing date July 16, 1897, signed by the latter, which represented debts owing at the time by the defendant to his mother. On a plea of payment, this judgment was opened by the court below, and the issues involved were submitted to a referee, who decided in favor of the defendant. Final judgment was entered accordingly, and the plaintiffs have appealed.

The referee found, inter alia, the following material facts: Two or three years after the death of Susan Spencer, the note in question was discovered in the office of her attorney, where it had been taken with other papers for safe keeping; but whether the note was placed with its custodian before or after the date of the deed to which we are about to refer is not made plain. It appears that the defendant was heavily indebted, in addition to the debts due by him to his mother, and, on January 26, 1898, he conveyed all his real estate to her. The consideration stated in the deed of conveyance was that Mrs. Spencer did "assume and bind herself to pay the following debts, mortgages, judgments and obligations due from and owing by the said Ambrose L. Spencer," after which a number of debts were enumerated, including the one from the defendant to his mother represented by the note upon which judgment was entered in this case. The deed expressly declares that "the said Susan Spencer hereby covenants and agrees to and with the said Ambrose L. Spencer that she the said Susan Spencer shall and will pay, or cause to be paid, the aforesaid obligation and debts......and, by the acceptance of this indenture, binds herself, her heirs, executors and administrators, to faithfully fulfill the aforesaid covenant and agreement." Contemporaneously, the defendant executed and delivered to his mother a bill of

sale of certain personal property, in which he recited the conveyance of the real estate and her assumption of his debts, and that "to better secure the said Susan Spencer in the payment of the aforesaid obligations, as well as the consideration of the sum of one dollar," he did sell and assign the personal property therein mentioned "to have and to hold......for the use, ownership and behoof of the said Susan Spencer, her executors, administrators and assigns absolutely."

The referee further found that the deed and bill of sale covered practically all the property the defendant possessed, and that, by mistake of the scrivener, it also included some lands which he had previously sold and conveyed to others, as well as some to which he never had title; that "on several occasions in 1898 and 1899, after the transfer by the defendant of his property to his mother, Frank E. Spencer, his son, who knew about the giving of the note in suit, as well as the arrangement about its payment, went to his grandmother and asked for the note, but failed to get it. Once she went so far as to hunt for it in her safe, but returned without it, saying that it was probably destroyed, but that it would not cause his father any trouble because he had paid it by turning over his property to her"; finally, that, "after the transfer to her of the property mentioned in the deed and assignment of January 26, 1898, Mrs. Spencer assumed and exercised the rights of ownership over it."

On the foregoing findings, the referee concluded, as a matter of law, that Mrs. Spencer, by her acceptance of the deed, "assumed the payment of said obligation and indebtedness represented by said judgment note of July 16, 1897, and the same thereby became discharged and extinguished," and that the transaction constituted "an accord and satisfaction of said obligation and indebtedness represented by said judgment note": Savage et al., v. Everman, 70 Pa. 315.

We are not convinced of error in either the findings or

conclusions of the referee, and we agree with him that, "while Mrs. Spencer did not sign the deed, yet, in accepting the benefit of it, she became as fully bound as if she had done so": Bedy v. Nypano R. R. Co., 250 Pa. 51, and cases there cited. Although the bill of sale declares that it was intended better to "secure" Mrs. Spencer in the payment of the debts assumed by her, we agree with the referee that it will not do "to seize upon a single word (in that instrument) and make it controlling." As said by him, "no doubt, in a way, the purpose was to secure Mrs. Spencer so far as this could be done by the property turned over to her, but not in the sense of a pledge or mortgage." In this connection it is to be noted the bill of sale expressly declared that all the personal property thereby transferred was assigned to Mrs. Spencer "absolutely." The use of the word "secure" was inappropriate; but evidently it was meant in the sense of "help," or "assist," and not "indemnify," or "guarantee." The referee refers to certain provisions of the will of Susan Spencer, but we do not deem it essential to a proper determination of this case to enter upon a discussion of that subject; it is sufficient to say we agree with the learned referee in his statement to the effect that "There is nothing......in all of this (the testamentary provisions in question) which in any way militates against the conclusion......that the transfer of his property by the defendant was absolute, not only in legal effect but by actual intention."

The property transferred by the defendant to his mother was not for the purpose of, or to be used for, the payment of his debts, but was deeded to her in fee, she, in consideration of the conveyance, agreeing to assume payment of such debts; and the evidence as a whole indicates that she took and treated the property as her own, even though she subsequently permitted the defendant to use part of the real estate and surrender to his wife a portion of the personal estate. In conclusion, we agree

there is no evidence upon the record which would justify a finding that Mrs. Spencer's promise to assume the debts of her son was obtained by fraud, either actual or constructive.

The assignments of error are all overruled and the judgment is affirmed.