## The Nippenose Manufacturing Co. *versus* Stadon.

1. A commissioner appointed by Act of Assembly to receive subscriptions for stock, is an agent appointed by law with a special power of attorney. All who deal with him must look to his source of authority.

2. When a subscription to stock is on its face unconditional, a condition at the time of subscription, not the subscription, is void.

3. After organization the company may stipulate with subscribers to pay in any way mutually agreed on.

4. Corporations are bound only by the acts and contracts of their officers duly authorized, within the scope of their authority.

5. McConahy *v.* Turnpike Co., 1 Penna. R. 426, overruled.

March 27th 1871. Before Thompson, C. J., Read, Agnew and Sharswood, JJ. Williams, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lycoming county:* No. 131, to January Term 1870.

The Nippenose Manufacturing Company, on the 7th of January 1868, commenced an action of assumpsit against Abram Stadon to recover the subscription price of 80 shares of the capital stock of the plaintiffs, at $50 per share. The subscription which the defendant signed was:—

"We, whose names are hereto subscribed, do promise to pay to the president and directors of the Nippenose Manufacturing Company, the sum of $50 for each and every share of stock set

[Nippenose Manufacturing Co. *v.* Stadon.]

opposite to our respective names, in such manner and in such proportions and at such times as shall be determined by the president and managers of said company, in pursuance of an act of General Assembly, entitled, &c.

"ABRAM STADON 80 shares.                    $4000."

The plaintiffs gave in evidence the act of incorporation, loss of letters patent, the defendant's subscription, their organization, &c., also calls for payment of the subscription; also that the defendant assisted in procuring subscriptions and had been elected a director.   After having given other evidence the plaintiffs closed.

The defendant made the following offers of evidence, which were rejected and bills of exceptions sealed.

1. That at the time of the passage of the Act of Assembly incorporating the Nippenose Manufacturing Company, he had been for many years previous thereto engaged in the manufacture of woollen goods, and had acquired much experience in that business.   That soon after the passage of said act he was solicited by G. W. Youngman, one of the commissioners named in the act, to subscribe to the capital stock of said company; that the defendant declined to subscribe, alleging as a reason therefor that he had no money to invest in that way.   That said Youngman then urged him to take stock, and assured him that if he would subscribe he would not be required to pay any money, but that as soon as the company was organized and ready to commence operations, defendant would be employed as general superintendent, and could pay for his stock in that way.   That defendant, relying upon said representations and promise, and believing that said Youngman had authority to receive such conditional subscription, was induced to subscribe for 80 shares of the capital stock of said company. That as soon as the company was fully organized, defendant was employed as general superintendent, in accordance with the condition upon which his subscription was made; that he superintended the location and erection of the buildings, and after the factory went into operation he had a general oversight of the establishment, and so continued until about the 4th December 1869, when he was discharged by plaintiff without any sufficient reason. That during part of the time he was employed as superintendent he travelled from place to place, in and out of the state, making purchases of wool, &c., for the supply of said manufactory, expended large sums of money for travelling expenses whilst thus engaged in the service of the plaintiffs.   That for these services he became entitled to a credit upon his subscription of stock to the amount of about $1000, that being the amount of his account against the plaintiff.   That plaintiff never at any time demanded from defendant the payment of his stock or any part of it in money, nor did defendant at any time demand payment of any

18 P. F. SMITH—17

[Nippenose Manufacturing Co. *v.* Stadon.]

part of his account, but that up to the time that defendant was discharged from service both parties acted in accordance with the arrangement with Mr. Youngman. That when the subscription was made, defendant suggested to Mr. Youngman that the condition had better be written on the face of the book, to which Mr. Youngman replied that there was not room to write it out, but that it was all right, and that he had authority to receive such subscriptions. Defendant, trusting to the correctness of these representations, said nothing further at that time; but a short time afterwards, taking with him another for the purpose of bearing witness of the arrangement under which the subscription was made, that defendant then proceeded to relate what had been said at the time of the subscription, to which Mr. Youngman replied, "that is all right, and I would have admitted that at any time, and it has been my understanding from the beginning," or words to that effect. That before taking said witness with him, defendant asked Mr. Youngman if he had any objection to his doing so, to which Mr. Youngman replied that he was willing if defendant was not satisfied as the matter then stood.

2. To prove in connection with the former offer that defendant, at the time he made the subscription of stock, was wholly unaware of the fact that he was a commissioner named in the act.

Defendant requested the court to charge the jury :—

" That the plaintiff having failed to show any letters patent under which the company was incorporated, cannot recover in this action."

The court (Gamble, P. J.) charged :—

" The defendant having permitted the plaintiff, after proof of the loss of the charter or letters patent, to prove the organization of the company and read its official minutes, in which the defendant had participated as an officer, and having in his defence, under the plea of set-off, proven that he was employed and rendered service as superintendent and agent of the corporation plaintiff, and claimed allowance and credit for such services, it is too late now to interpose the objection that plaintiff has not shown the letters patent. We therefore decline to charge the jury as requested in the above point."

The verdict was for the plaintiffs for \$3703.39.

The defendant took a writ of error, and assigned the rejection of his offers and the charge of the court for error.

*R. Fleming* (with whom was *J. J. Metzger* and *S. Linn*), for plaintiff in error, cited McConahy *v.* Turnpike, 1 Penna. R. 426; Kennedy *v.* Plank Road Co., 1 Casey 226.

*S. L. Youngman* (with whom was *H. W. Watson*), for defendants in error, cited Pittsburg and Steub. Railroad *v.* Biggar, 10 Casey

[Nippenose Manufacturing Co. v. Stadon.]

455; Pittsburg and Con. Railroad *v.* Stewart, 5 Wright 54; Bedford Railroad *v.* Bowser, 12 Id. 34.

The opinion of the court was delivered, May 1871, by

SHARSWOOD, J.—It was decided in McConahy *v.* The Centre Turnpike, 1 Penna. Rep. 426, that a promise made by a commissioner appointed to receive subscriptions for the stock of a proposed corporation to a person offering to subscribe that he might pay in work was binding on the corporation, at least so far as to prevent it from recovering from the subscriber contrary to the terms of the agreement. It appears to have been merely considered as a question whether parol evidence could be received of what had occurred at the time to vary the terms of the contract. Hill *v.* Ely, 5 S. & R. 363, and Miller *v.* Henderson, 10 Id. 290, are referred to as authorities to sustain the judgment, and these are cases on the subject of the admission of parol evidence to vary writings. McConahy *v.* The Turnpike has been since regarded as falling within that category : Kennedy *v.* Erie and Wattsburg Plank Road Co., 1 Casey 226. Back of this question of the admissibility of parol evidence, however, lay the more pertinent question which seems to have been overlooked, of the power of the commissioner to change the terms of the contract which he was authorized to make, or to accept in other words a conditional subscription—any other than one providing for the payment of money. He was an agent appointed by the law with a special power of attorney. All who dealt with him must look to the source of his authority. It may possibly be that if a condition in writing were attached to the subscription, the subscription itself would be void, unless perhaps it should be assumed and ratified by the corporation after organization. When, however, it is on its face absolute and unconditional, the charter is granted and the company organized on the faith of it, and in such case, therefore, not the subscription but the condition is void. This is clearly the result of the opinions and judgments in Irvin *v.* The Turnpike Co., 2 Penna. Rep. 466; Pittsburg and Steubenville Railroad Co. *v.* Biggar, 10 Casey 455; Pittsburg and Connellsville Railroad Co. *v.* Stewart, 5 Wright 54, and Bedford Railroad Co. *v.* Bowser, 12 Wright 29. McConahy *v.* The Turnpike Road Co., therefore, so far as the point for which it is relied on by the plaintiff in error is concerned, may be considered as an overruled case.

It was held, however, in Pittsburg and Connellsville Railroad Co. *v.* Stewart, 5 Wright 54, that after the organization the company may stipulate with subscribers that they may pay in any manner mutually agreed upon, and then are precluded from enforcing the subscription in any other manner. But corporations like natural persons are bound only by the acts and contracts of

their officers or agents within the scope of their authority: Angell and Ames on Corp. § 297. There was no offer by the defendant to prove that any officer of the company duly authorized, did after the organization agree with him that his subscription of stock should be paid in services. The offer did not state what office Youngman held at the time, nor that he had authority from the corporation. The other offers upon the rejection of which errors are assigned were clearly immaterial.

Judgment affirmed.