HARMON et al. v. BLACKWELL.

(Circuit Court of Appeals, Sixth Circuit. May 2, 1916.)

No. 2748.

1. RECEIVERS ⬉88—POWER OF APPOINTMENT—AUTHORITY.

Several days before the appointment of a receiver the authorized representatives of a railroad company agreed upon a compromise settlement of a claim for wrongful death, agreeing to make payment upon the issuance of letters of administration and approval of the probate court of the compromise. Letters were issued and the compromise approved by the probate court on the same day a receiver was appointed. The order appointing the receiver directed that any party in interest might apply for further directions with reference to the property and business. *Held*, that the court appointing the receiver, by virtue of the reservation and its inherent power, might order the receiver to pay the amount of the settlement as agreed upon; all conditions having been met and the approval of the probate court being for the benefit of the railroad company.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 162; Dec. Dig. ⬉88.]

2. RAILROADS ⬉17—OFFICERS—NOTICE.

Where railroad claim agents, having authority to compromise claims, agreed upon a compromise, their knowledge is imputable to the railroad company, as is knowledge of other agents, who agreed to the appointment of a receiver, and the railroad company cannot escape liability on a compromise on the ground that the knowledge of one set of agents was imputable to it, while the knowledge of another was not.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 36–38; Dec. Dig. ⬉17.]

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; Howard C. Hollister, Judge.

Petition by E. Blackwell, administrator of James Brown, deceased, for an order directing Judson Harmon and another, receivers of the Cincinnati, Hamilton & Dayton Railway Company, to surrender to the administrator a sum of money upon his release of a compromised claim. From an order granting the petition, the receivers appeal. Affirmed.

J. R. Schindel, of Cincinnati, Ohio, for appellants.
C. O. Rose, of Cincinnati, Ohio, for appellee.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SANFORD, District Judge.

PER CURIAM. This appeal is from an order of the court below directing the receivers to deliver and surrender to the administrator $608.40 upon his release to them of a compromised claim for personal injuries resulting in the death of the administrator's decedent, James Brown, prior to the receivership and through alleged negligence of the railway company. The order was based upon undisputed facts which were brought to the attention of the court in the form of a motion, in effect an intervention, filed in the receivership proceeding. On June

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

30, 1914, an agreement was made between the railway company and the decedent's widow, Sarah Brown, who is the sole heir and beneficiary of the decedent's estate, whereby the company agreed to pay $600 and the costs of administration ($8.40) "in full compromise settlement" of the widow's "claim and cause of action, to the administrator of the estate of said James Brown, deceased, upon the issuance of letters of administration and the approval of the probate court of Hamilton county, Ohio, and said Sarah Brown agrees to the same and to accept said sum." On the following day the administrator was appointed and qualified, and the agreement was thereupon approved and confirmed by the probate judge.

On the next day, July 2d, and prior to 11 a. m., written forms of application and entry for presentation to the probate court and a written form of release of claim to the railway company were agreed on by the administrator for the estate and one of the counsel and the general claim agent for the railway. The claim agent at the time notified the administrator to call with the release and receive the money, and the agent's authority to bind the company is not denied. The application was thereupon filed in the probate court and the entry approving the settlement endorsed for record by the probate judge. At 9 o'clock a. m. of that day (July 2d) the bill of complaint in the receivership case was filed in the court below; at 9:45 o'clock the answer of the railway was filed, admitting the allegations of the bill, consenting to the appointment of a receiver and to his taking possession of and operating the railway property; and at 11:15 o'clock the receivers were appointed. The District Judge states in his opinion:

"Both the bill of complaint and the answer were printed; the former with the exhibit filed with it, consisted of 92 pages. The preparation of the bill and answer, with the printing thereof, must have occupied several days."

On the same day, though after appointment of the receivers, the administrator presented the release to the claim agent of the railway, who declined payment on the ground that receivers had been appointed and the company ordered to pay over to them all funds in its possession. This was the first information the administrator received of such appointment, and prior to this time he had no intimation that any such action was contemplated. The company had ample funds on the dates before mentioned to meet the sum so agreed to be paid, and, except for the order appointing the receivers, the claim agent had authority to pay the money.

It is true that, subject to some exceptions not here important, the order of appointment extended to all the property of the company, including "cash in banks, on deposit and in hand, money," etc.; also that the order does not in terms empower the receivers to pay such a claim as this; but the last paragraph of the order is as follows:

"And it is further ordered that any party in interest may apply to this court for further directions with reference to the property and business aforesaid."

The intervention was filed August 6, 1914, and the order in dispute was entered January 29, 1915. The grounds upon which the order was sought in substance were: (1) That the court had power to grant

the application for receivership on terms, and that it has power to supplement the terms of appointment; (2) that the circumstances operated to create the sum in issue into a trust fund, which may, in equity, be followed into the hands of the receivers; (3) that since the railway company, through its officers, must for several days prior to the transaction have known of its financial condition, a refusal to pay operates as a fraud on the administrator and the widow. The order was based on the second ground.

[1] We need not pass upon the sufficiency of this ground, for we are convinced that the matter in dispute was well within the power and discretion of the court. The appointment of the receivers and the order now under review were made by the same District Judge. There can be no question of the power of the court to have made the appointment of the receivers to depend upon their consummation of this compromise settlement; and, in view of the present order, it is equally clear that, if the court had been seasonably advised of the facts concerning the settlement, provision would have been made for payment of the agreed sum. Further, the last clause (before quoted) of the appointing order is in effect a reservation of power to direct completion of the settlement made in the circumstances here disclosed. Independently of the power so reserved, the court was not foreclosed by the order of appointment from considering and determining, equitably, whether there were still further claims or liabilities that should have been provided for in the original order. Louisville, etc., Railroad Co. v. Wilson, 138 U. S. 501, 506, 11 Sup. Ct. 405, 34 L. Ed. 1023; Union Trust Co. v. Illinois Midland Co., 117 U. S. 434, 465, 6 Sup. Ct. 809, 29 L. Ed. 963.

[2] Admittedly the acts of the claim agent were the acts of the railway company, and the acts of the other agencies, who consented to the appointment of the receivers, were likewise the acts of the company. It results that on July 2d the railway company itself was in effect both promising to complete this settlement and placing the means of settlement beyond its control. It will not do to say that the knowledge of the corporate agencies, respectively, who were engaged in these two proceedings, the one to bring about the settlement and the other the receivership, is not alike imputable to the company. Marmet Coal Co. v. People's Coal Co., 226 Fed. 646, 651, 141 C. C. A. 402 (C. C. A. 6th Cir.); G. R. & I. Ry. Co. v. United States, 212 Fed. 577, 583, 129 C. C. A. 113 (C. C. A. 6th Cir), writ of certiorari denied 234 U. S. 762, 34 Sup. Ct. 997, 58 L. Ed. 1581. The settlement and the means of consummating it were clearly within the power and control of the railway company. It is not claimed that there would have been any wrongful diversion of funds if the company had paid the money to the administrator at any time prior to the appointment of the receivers. The apparent reason for delay in completing the settlement was the desire of the company to secure approval of the probate court, under the Ohio statute relating to such settlements with administrators. Section 10772, Ohio Gen. Code. This was for the benefit of the company, rather than the beneficiary.

The order is affirmed, with costs.