# Hoover, Appellant, v. Pursel.

*Accord and satisfaction—Acceptance of property in place of money.*

A liquidated money demand may, with the consent of the parties, be discharged by the delivery of property, or part property and a part money, and if received by the creditor in full discharge of the indebtedness, there is a good accord and satisfaction. It is immaterial whether the property represents an adequate payment.

*Warranty—Sale of promissory note.*

Where a receiver for an insolvent bank sells a promissory note of which it was the holder and assigns it "without recourse," he is nevertheless liable if it appears that the only solvent party to the note had been released by the bank. In purchasing the note the buyers took their chances on the financial responsibility of the makers and endorsers, but had a right to rely upon the representation that they were legally liable.

130, (1917).]        Syllabus—Statement of Facts.

*Receivers—Banks and banking—Check—Endorsement of check by receiver—Accord and satisfaction.*

Where the officers of a bank as a part of a valid accord and satisfaction accept a check from a debtor, and thereafter the bank becomes insolvent and a receiver is appointed, the action of the receiver in endorsing the check as "accepted by the payee in full payment of the within account," is valid without any action of the court authorizing the receiver to compromise the claim.

In such a case the agreement of compromise was the act of the officers of the bank before the receiver was appointed, and he was performing a ministerial duty in endorsing the check for collection, and was carrying out the bank's part of an agreement which was executory as to it and executed as to the debtor. Such a compromise entered into as a contract before the receiver was appointed was binding upon him.

Argued March 5, 1917.    Appeal, No. 7, March T., 1917, by plaintiff, from judgment of C. P. Montour Co., June T., 1914, No. 32, for defendant n. o. v. in case of Oliver Hoover and James Carr v. William G. Pursel, Receiver of the People's Bank of Danville, Pa.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Reversed.

Assumpsit against the receiver of a bank to recover money paid for a promissory note found to be worthless. Before EVANS, P. J.

At the trial it appeared that defendant as receiver of the People's Bank of Danville sold to the plaintiffs a promissory note under circumstances fully detailed in the opinion of the Superior Court.

The following endorsement was made on the back of the note when it was delivered to the purchaser:

"For a valuable consideration, I assign the within note to Oliver Hoover and James C. Carr this 19th day of July, without recourse.

"WILLIAM G. PURSEL,
"Receiver of People's Bank, Danville."

When the purchasers of the note demanded payment

of it from Frank J. Dickert, the endorsee, he produced to them the following memorandum in writing:

"Frank J. Dickert.

To the People's Bank, Danville, Penna., Dr.

In full of all claims and demands v. Frank Dickert on a certain promissory note for $2,000 dated June 28, 1910, made by L. A. Lange, endorsed by F. J. Dickert and held by the People's Bank of Danville, Pennsylvania, and settled by agreement for $250.

Scranton, Penna.,      191

Pay to the order of People's Bank, Danville, Pennsylvania two hundred fifty dollars ($250) in full settlement of attached claim.

To The South Side Bank, Scranton, Penna.

F. J. DICKERT.

(With the following endorsement on the back thereof):

F. J. Dickert
to
The People's Bank, Danville, Pennsylvania.
$250.

This check is hereby accepted by the payee in full payment of the within account.

The People's Bank, W. G. Pursel, Receiver."

The defense of the receiver was that the acceptance of the check was not a good accord and satisfaction. The facts relating to the compromise settlement are stated in the opinion of the Superior Court.

The jury returned a verdict for plaintiffs for $946.47. The court subsequently entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*C. R. Savage,* for appellants, cited Girard Fire & Marine Ins. Co. v. Canan, 195 Pa. 589.

130, (1917).]    Arguments—Opinion of the Court.

*H. M. Hinckley,* with him *Ralph Kisner,* for appellee, cited: Hartman v. Danner, 74 Pa. 36; Com. v. Cummins, 155 Pa. 30; Brush Hat Mfg. Co. v. Ebeles, 45 Pa. Superior Ct. 243.

OPINION BY WILLIAMS, J., July 13, 1917:

Wm. G. Pursel as the receiver of the People's Bank of Danville, an insolvent, sold to appellants, inter alia, a note described in the handbill of the sale as follows: "Maker, L. A. Lange, of Scranton, Pa., to F. J. Dickert: Amount, a balance of $850; dated June 28, 1910." The envelope containing the note when sold was endorsed in the handwriting of Pursel as follows: "Note L. A. Lang Order of F. J. Dickert 1-28-10 one Mos. $2,000 Paid $1,150 Balance $850." The note was endorsed by F. J. Dickert to the People's Bank, and Pursel at the sale assigned it to plaintiffs "without recourse" on July 19, 1913. The note had been protested for nonpayment July 28, 1910. When demand was made upon Dickert he responded by showing a discharge in full endorsed upon a $250 check drawn by him to the order of the People's Bank, which had been paid through the clearing house March 9, 1911. This release was signed by the receiver.

The evidence was that Lange was insolvent; that Dickert was financially responsible at the time the note was sold to the plaintiffs; that Dickert had been negotiating with the bank in conjunction with several other banks for a settlement of his liabilities, and had transferred equities in real estate to their trustee in addition to a 25% cash payment in settlement of his liability, represented in this particular case by the check for $250.

The affidavit of defense admits that "the only money received for and on account of payment on said note was the sum......which......had been paid to the said People's Bank by check......prior to the defendant's appointment as receiver for the said bank."

The court below left to the jury the question of whether Lange was insolvent and directed a verdict for plaintiffs

if he was not able to pay the note. The jury found a verdict for the plaintiffs for $946.47. Subsequently judgment was entered n. o. v. because the release held by Dickert was not an accord and satisfaction and the note was, therefore, collectible against him.

It does not appear that the court authorized the receiver to compromise the claim against Dickert, nor that his act had been approved nunc pro tunc, but this was not necessary as the agreement of compromise was the act of the officers of the bank before the receiver was appointed, and he was performing a ministerial duty in endorsing the check for collection, and was carrying out the bank's part of an agreement which was executory as to it and executed as to Dickert. Such a compromise, entered into as a contract before the receiver was appointed is binding upon him: Harmon v. Blackwell, 232 Fed. 440.

The court below entered judgment n. o. v. because the payment of $250 in settlement of the liability of $1,000 past due was not an accord and satisfaction. The principle as stated is correct. It is not, however, sustained by the facts. Dickert, in addition to giving the check for $250, conveyed some equities in property in Scranton to the trustee for the banks to which he was liable on various endorsements and if any money could be collected on these the People's Bank would be entitled to a pro rata share. This was sufficient consideration to support the agreement. While the debtor has no right to require that payment of a money demand be received in other than money, and the creditor has no right to demand that he be paid in other than money, still a liquidated money demand may, with the consent of the parties, be discharged by the delivery of property, or part property and part money, and if received by the creditor in full discharge of the indebtedness there is a good accord and satisfaction: 1 Ruling Case Law p. 189. It is immaterial whether the property represents an adequate payment: Savage v. Everman, 70 Pa. 315. See also, Pot-

ter v. Hartnett, 148 Pa. 15, and Melroy v. Kemmerer, 218 Pa. 381.

It is contended that Dickert's financial responsibility at the time the note was sold to plaintiffs was not established. It is not important in this appeal as all the inferences of fact favorable to the plaintiffs must be drawn on a motion for jugment n. o. v., and there was testimony of his financial responsibility.

The contention that defendant is not liable because the note was endorsed "without recourse" would be well taken were this an action against him as endorser, but this is an action for breach of warranty of the legal collectibility of the note. In purchasing the notes and securities, the plaintiffs took their chances on the financial responsibility of the makers and endorsers, but had a right to rely upon the representation that they were legally liable.

The judgment is reversed and the record remitted to the court below with direction to enter judgment on the verdict.