Opinion by
Trexler, J.,
Plaintiff’s statement avers, inter alia, that in 1912 he was made receiver of the Interstate Lumber Company, a Pennsylvania corporation; that during the years 1909 and 1910, defendant purchased, at various times, lumber, etc., from his company to the value of $1,418.83, and that, further, during the said years defendant became indebted by various notes, protest fees, interest on notes and expenses on production and organization according to various contracts with said plaintiff company, in the sum of $526.56; that defendants were credited with the payment of $1,395.39, leaving due a balance of $550.
The affidavit of defense avers that $500 of the debt was in the form of notes given for stock in the Interstate company under an agreement that, if the relations betwéen the parties were unsatisfactory, the stock might be exchanged for the notes; that W. A. Coleman, the secretary and treasurer of the Interstate company, its duly authorized agent, made a full and final settlement with the defendant in consideration of a check for $79.27 and the $500 stock certificate, “the same being in full and final settlement of all and every debt, claim and demand,” of plaintiff company against the defendant and “the said W- A. Coleman......returned to the said defendant company all the notes in compliance with the agreement made.”
The court below entered judgment for plaintiff on the ground that the authority of Coleman was not alleged, that authority could not have been given him to purchase stock of the insolvent company and thus reduce its capital to' the prejudice of creditors. Defendant appealed.
There is nothing in the pleadings to indicate that the Interstate company was insolvent April 25, 1911, the-date of the alleged settlement. Nor was the allegation of authority in Coleman to make settlement insufficient. The affidavit alleges an accord and satisfaction, made before the appointment of the receiver, and, accordingly, binding upon him: Hoover v. Pursel, 67 Pa. Superior *241 Ct. 130; Harman v. Blackwell, 232 Fed. 440. The fact that part of the consideration therefor was stock in the company does not alter the situation, as the sufficiency of the consideration is immaterial: Savage v. Everman, 70 Pa. 315.
The judgment is reversed with a procedendo.