# Thompson, Executrix *v.* Barrow, Appellant.

*Contracts—Agents—Authority—Commissions—Division of commissions.*

An agent has authority to bind his principal within the general scope of the business with which he is entrusted, although the specific act may be in excess of his private instructions. When it is established by the evidence that an agent had authority to transact the business out of which the controversy has grown, the principal may be held responsible, although the agent exceeds his authority in the particular act.

In an action to recover commission for sale of real estate, an agreement by the agent of the defendant to divide the commission with the plaintiff, was sufficient to bind the defendant, when the agent was in active charge of and conducting the business for the defendant.

Argued October 8, 1922. Appeal, No. 41, Oct. T., 1922, by defendant, from judgment of C. P. No. 3, Philadelphia County, Dec. T., 1919, No. 4478, on verdict for plaintiff in the case of Isabella Thompson, Executrix of the Estate of Walter Thompson, Deceased, v. W. Bruce Barrow.

216, (1923).] Statement of Facts—Opinion of the Court.
Before PORTER, HENDERSON, TREXLER, KELLER, LINN and
GAWTHROP, JJ.  Affirmed.

Assumpsit on agreement to divide commissions.  Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,008, and judgment thereon.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.  Defendant appealed.

*Francis Laws,* of *Lewis, Adler & Laws,* and with him *Otto Wolff, Jr.,* for appellants.—The appellant's agent had no authority to bind the appellant to an obligation to divide the commission: Weldon v. Traction Co., 27 Pa. Superior Ct. 257; Slease v. Naysmith, 14 Pa. Superior Ct. 134; Ludwig & Son v. Gorsuch, 154 Pa. 413.

*John W. Hallahan,* for appellee.

OPINION BY PORTER, J., July 12, 1923:

The plaintiff's decedent was a licensed real estate broker, as is also the defendant.  This action is brought to recover one-half of the commissions received by the defendant upon the sale of a factory property in the City of Philadelphia.  The plaintiff averred the right to recover one-half of said commissions, upon a contract alleged to have been entered into between the decedent and an agent employed in the office and acting on behalf of the defendant.  The plaintiff recovered a verdict and judgment in the court below and the defendant appeals.

We have here but two assignments of error; the first referring to the refusal of the court to charge the jury that the verdict must be in favor of the defendant, and the second to the refusal of the court to enter judgment in favor of the defendant non obstante veredicto.  This

being so it is only necessary to consider the sufficiency of the evidence to warrant the submission of the case to the jury. The factory property involved had by the owners thereof been placed in the office of the plaintiff for sale. It is undisputed that a duly authorized agent of the decedent, in September, 1918, applied at the office of the defendant for the assistance of the forces of that office in effecting a sale. During the greater part of 1918 and until August, 1919, the defendant was suffering from illness which made it impossible for him to attend to the business of his office, and during that period his office was in charge of a bookkeeper named Frank and five salesmen, one of whom was G. N. Maroney, who handled the sales and the selling and renting of properties placed with the office. It was while the defendant was absent and the entire management of the office was being conducted by the employees that the negotiations with regard to the sale of the property in question were carried on, the property sold by an employee of the office, and the commissions upon the sale paid to those in charge of the office. The defendant knew nothing about the transaction until after it had been completed. When the agent of the decedent applied at the office of the defendant to secure the coöperation of that office in the sale of the factory property he first met the bookkeeper, Frank, who according to the testimony of the defendant when called for cross-examination, was the man in charge of the business. The agent of decedent explained his business to Frank, who thereupon said: "If you want to see anybody about the sale of any property, go back and see Mr. Maroney." The agent went to Maroney and explained the business, saying: "We will divide the commission," and Maroney replied: "If you sell the property we get half and if we sell it you get half," and this was agreed upon. This verbal agreement was the next day confirmed by a letter written by the decedent and addressed to "Mr W. Bruce Barrow, No. 130 N. 12th St., Philadelphia." This letter must have gone to the office of the defendant

for on September 17, 1918, a letter was sent from the office of the defendant acknowledging receipt of the letter of decedent, thanking him for the same and assuring him of the best efforts in the matter, which letter was signed "W. Bruce Barrow, Agent, by G. N. Maroney." There was no conflict in the evidence, as to the facts hereinbefore stated. The price which was asked for the property at that time was $85,000 and the arrangement between the real estate office of the decedent and that of this defendant was to continue for six months, from September 14, 1918. While there was a conflict of evidence as to what subsequently occurred, the assignments of error render it necessary to consider only such evidence as was favorable to the plaintiff, in determining whether the case ought to have been submitted to the jury. The property was not sold within the six months, but there was sufficient evidence to warrant a finding of the following facts. When the six months was about to expire a meeting of the owners was held at which the agent of the decedent notified the owners that he had secured the coöperation of the forces of the defendant's office, and the owners agreed to reduce the price at which the property might be sold to $60,000. The agent of decedent promptly notified Maroney, at the office of the defendant, of the reduction in the selling price of the property, and that a commission would be paid upon a sale at that price. Maroney thereupon said: "Well, of course, we get half of it." The agent replied: "Yes." Maroney said: "Now, you are talking turkey; now, you are talking turkey. Now that you have brought the price down to $60,000 I think we will be able to do some business now." The representative of the decedent continued frequently to see Maroney at the office of the defendant and communicated with him by telephone, reporting to each other what they were doing with regard to the sale of the property. The agent of decedent testified that the majority of the times when he thus consulted with Maroney, the latter mentioned the commission to be realized

from the sale. The testimony was fully sufficient to warrant a finding that Maroney had entered into this oral agreement about the time the written agreement, evidenced by the letters, had expired and that these oral negotiations continued down until almost the time when the property was sold by an employee of the defendant's office. It is argued by the appellant that the evidence was not sufficient to warrant a finding that Maroney had any authority to bind the defendant by the contract which he made. The defendant testified that he had never authorized Maroney to enter into a contract to divide commissions with any other real estate office, and it is argued by the learned counsel for the defendant that the evidence did not disclose any circumstances or conditions from which an authority in Maroney could be implied.

The testimony of the defendant, who was called for cross-examination, disclosed that for more than a year he had delegated to those in charge of his office the entire management of the business. He knew nothing about what was being done. He received the profits of the business, which was carried on exclusively by his employees. He testified that during the period of his illness all matters pertaining to the sale of this particular property had been carried on. In reply to questions by the court he testified:

"Q. While you were ill was your office closed?

"A. No, sir; not that I know of.

"Q. Who carried on your business?

"A. Those who were employed there.

"Q. Who were they?

"A. The man in charge was Louis H. Frank, a bookkeeper.

"Q. Was Mr. Maroney there?

"A. Yes, he was as far as I know.

"Q. Was Dillon there?

"A. As far as I know.

"Q. And they had authority from you to carry on your business?

"A. To sell property, yes."

It is to be kept in mind that the sales here spoken of were not sales of the property of the defendant.  There was no question of the sale of the property of the defendant by any employee.  The contracts which they made were for services in securing purchasers.  The testimony of the defendant, including much other than that above quoted, clearly established that Maroney had authority to make contracts for the services of the office in bringing about the sales of property for other people.  He had committed this department of his business to Maroney and his other salesmen.  Those agents within the limits of the departments committed to their care represented the principal.  The acts of such an agent within the general scope of the business with which he is entrusted are binding upon his principal.  When it is established by evidence that the agent had authority to transact the business out of which the controversy has grown, the principal may be held responsible, although the particular acts done are in excess of his private instructions.  An agent has authority to bind his principal within the general scope of the business with which he is entrusted, although the specific act may be in excess of his private instructions: Butler v. Maples, 76 U. S. 766; Nippenose Mfg. Co. v. Stadon, 68 Pa. 256; Brooke v. Railroad Co., 108 Pa. 529; Beal & Simons v. Express Co., 13 Pa. Superior Ct. 143.  Maroney was authorized to make contracts for the services of the establishment of the defendant in making sales of real estate.  The authority to contract implied authority to agree upon the terms of the contract, and the contract which he made in this case was within the general scope of the business with which he was trusted.  The specifications of error are overruled.

The judgment is affirmed.