## Millar, Appellant, *v.* Grieb & Thomas, Inc.

*Corporations—By-laws—Contract of employment—Written contract—Approval of directors.*

1. Parties dealing with a corporation are, as a general rule. bound by the by-law restrictions upon its officers.

2. An action cannot be maintained against a corporation for breach of an oral contract of employment for three years, where a by-law of the company provides that a contract of employment for over two weeks must be in writing, signed by the officers of the company, and approved by the board of directors.

Argued January 11, 1923. Appeal, No. 69, Jan. T., 1923, by plaintiff, from judgment of C. P. No. 5, Phila. Co., June T., 1921, No. 1745, for defendant n. o. v., in case of John A. Millar v. Grieb & Thomas, Inc. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract of employment. Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,174.70, on which judgment was entered for defendant n. o. v. Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting record.

*Fred W. Breitinger,* of *Breitinger & Millar,* for appellant.

*Jos. Neff Ewing,* of *Saul, Ewing, Remick & Saul,* with him *Francis H. Bohlen, Jr.,* for appellee.

PER CURIAM, February 12, 1923:

The judgment is affirmed on the following excerpts from the opinion of the court below: "Plaintiff....... sought to recover a balance due under an alleged three-

year contract for his services. The three-year contract was denied, defendant contending there was no specified time for the employment. The defendant is a corporation and the contract was claimed to have been made with the president and treasurer, and acquiesced in by the remaining directors. The stock of the corporation was largely held by the directors, but some was held by others than the officials. A by-law of the company provided as follows, 'No contract of employment for services to be rendered to the company shall be of longer duration than two weeks, unless said contract of employment is in writing, signed by the officers of the company and approved by the board of directors.' The alleged contract was not in writing, was not signed by the officers of the company and was not approved by the board of directors as such. The jury returned a verdict in favor of plaintiff for $4,174.70; defendant moved for judgment non obstante veredicto upon the whole record and for a new trial. The persuasive reason assigned in support of the motion for judgment non obstante veredicto is that the contract sued upon is in direct violation of the said by-law of the company. In Putnam v. Ensign Oil Co., 272 Pa. 301, Mr. Justice KEPHART lays down the rule with respect to the effect of a by-law restriction as follows: 'Pennsylvania has adhered to the rule that the by-laws of a corporation are written into the charter, defining and limiting the rights, duties and powers of its officers, and places persons dealing with the corporation on notice as to the extent of the officers' powers, actual knowledge of the existence of the by-laws being immaterial.' The court then gave the exceptions to the rule that obtained with respect to commercial paper, and it may well be that an exception might be noted to the extent to which a corporation has benefited by an unauthorized contract by its officers or where there is an acquiescence or ratification by all of the stockholders for whose benefit such restrictive by-laws are made, but we know of no other exception to the rule that parties deal-

ing with a corporation are bound by the by-law restrictions upon its officers. The contract in question was clearly in violation of this by-law of the company, it is not within the recognized exceptions, and plaintiff, having been paid for the services he rendered to the company, cannot recover for the remaining portion of his arrangement made with the officers. Judgment must therefore be entered upon the whole record for defendant, notwithstanding the verdict." We need add only that the by-law relied on was properly before the court and there was no sufficient evidence of ratification to take the case out of its control.

Judgment affirmed.