# Bayne *v.* The Proctor and Gamble Distributing Co., Appellant.

*Master and servant—Employer and employee—Resignation of employee—Agency—Powers of agent—Contracts—Consideration.*

In an action of assumpsit to recover a salary due under a written contract, it appeared that the manager of the defendant company wrote a letter on April 3rd to plaintiff, an employe of the company, requesting his immediate resignation "with the understanding that we will pay your salary up to and including March 15th, next." Plaintiff, in reliance upon this letter, submitted his resignation, which was duly accepted. The defense set up was that the letter of April 3rd contained a typographical error, the date, March 15th, having been mistakenly inserted instead of April 15th.

Under such circumstances the case was for the jury and a verdict for plaintiff will be sustained.

A manager of a corporation entrusted with the general supervision of a particular branch of its business has the powers of a general agent co-extensive with the business entrusted to his care. The corporation is bound by his contracts on its behalf, made within

the apparent scope of his employment, and, where the authority as such agent is not limited in writing, the scope of the agency is a question for the jury.

The defendant chose to secure plaintiff's resignation rather than to summarily discharge him, and expected to be benefited thereby. This advantage or benefit was sufficient consideration to support the contract.

A very slight advantage to one party or a trifling inconvenience to the other is sufficient consideration to support a contract.

Argued October 8, 1925.  Appeal, No. 75, October T., 1925, by defendant, from judgment of M. C. Philadelphia County, March T., 1924, No. 365, in the case of William D. Bayne v. The Proctor and Gamble Distributing Company, a corporation.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on a written contract.  Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $3,023.  Subsequently the plaintiff remitted all sums in excess of $2,860.69, and judgment was entered accordingly.  Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Robert T. McCracken,* and with him *Hugh D. Scott, Jr.,* for appellant.—The plaintiff proved no contract with an authorized agent of the corporation: Putnam v. Ensign Oil Co., 272 Pa., 301; Millar v. Grieb & Thomas, Inc., 276 Pa. 372; Republic Bank Note Co. v. Northwestern Penna. R. R. Co., 65 Pa. Superior Ct. 72; McAllister v. Pittsburgh Water Heater Co., 65 Pa. Superior Ct. 522; DeForest v. Northwest Townsite Co., 241 Pa. 78.

*J. Montgomery Forster,* for appellee.—Defendant's agent had authority to make the contract: McGlinchey v. Steigerwald, 73 Pa. Superior Ct., 520; Putnam v. Ensign Oil Co., 272 Pa. 301; Fruit Dispatch Co., appellant, v. Magee, 60 Pa. Superior Ct. 259, 264; Singer Mfg. Co., appellant, v. Christian, 211 Pa. 534.

There was consideration for the contract: Russell v. Patterson, 48 Pa. Superior Ct. 571, 578; Erie Forge Co. v. Iron Works Co., 22 Pa. Superior Ct. 550; Porter v. Hartnett, 148 Pa. 15; Savage v. Everman, 70 Pa. 315; Schmitt v. Dietterle, 70 Superior Ct. 238; Hoover v. Pursel, 67 Pa. Superior Ct. 130.

OPINION BY KELLER, J., February 26, 1926:

This was an action in assumpsit on a written contract, composed of certain letters between the parties. Plaintiff had been in the employ of defendant as a salesman and supervisor in the Philadelphia office for over nine years. Early in 1922 there was a change of management in said office and the new manager in charge of the district requested plaintiff's resignation and told him to look around for other work. Plaintiff did not comply with this request and about a month later received from said manager the following letter dated April 3, 1922: "I want, as I told you, to make the situation as easy for you as possible with justice to the Company. In view, however, of the fact that we have not required you to give your time to business in the usual way, I do feel that the matter should be brought to a prompt conclusion. It seems to me, therefore, that it would be best to make your resignation effective immediately, (that is today, April 3rd) with the understanding that we will pay your salary up to and including March 15th next." Pursuant to this letter plaintiff the same day tendered his formal resignation in writing, and a few days later wrote defendant the following letter: "I have your letter under date of April 3rd advising me regarding my resigna-

tion and also of the intention of the Proctor and Gamble Dist. Co. to pay me my salary up to and including March 15th next. My resignation is in your hands and I want to thank the Company for their kind consideration regarding my salary, while I think it is justly due me after the services I have given them. I will forward to you all data in my possession belonging to the Company, including book of instructions, bulletins, etc.''. Plaintiff's resignation was duly accepted. This action was brought to recover the salary due under said contract from April 15, 1922 to March 15, 1923.

The defense set up in the affidavit of defense was that the letter of April 3rd contained a typographical error, the date March 15 having been mistakenly inserted instead of April 15; and that plaintiff was aware of this, because, it was alleged, in a telephone conversation occurring a few days prior thereto his immediate resignation had been asked and he had been told he would receive two weeks' salary following his resignation; and he had agreed to this arrangement. Plaintiff denied any such conversation or agreement relating to two weeks' salary, denied any typographical error or other mistake, relying somewhat on the fact that in his letter answering defendant's letter of April 3rd, he had repeated their offer to pay his salary ''up to and including March 15th next'', and no disavowal of the said term had been made by defendant following the receipt of said letter.

The evidence on the trial followed the issue raised in the affidavit; the defendant affirming and the plaintiff denying the alleged telephone conversation relative to the offer and acceptance of two weeks' salary following plaintiff's resignation. This issue was left by the trial judge to the jury in a charge to which defendant took no exception except to the refusal of binding instructions; and that issue having been resolved in

favor of the plaintiff, we must assume that no such conversation was had.

We have, then, a letter of undisputed authenticity containing a clear offer to the plaintiff that if he would present his resignation effective immediately ("that is today, April 3rd"), he would be paid his salary "up to and including March 15th next"; and these dates emphasized by being within a line of each other; plaintiff's resignation tendered pursuant thereto and accepted; and then a letter from plaintiff to defendant on April 11, 1922 thanking them for their "kind consideration regarding [his] salary", reciting the terms of defendant's offer and specifically mentioning March 15th next as the date to which his salary was to be paid—followed by no response averring want of authority or mistake on the part of defendant. This would seem sufficient to justify the verdict of the jury.

The assignments of error are confined to the refusal of the court below to give binding instructions for the defendant and to enter judgment in its favor non obstante veredicto. To support them appellant advances two grounds: (1) That the manager was without authority to make the contract; and (2) that it was without consideration.

(1) Appellant is scarcely in a position to defend upon the first ground; for in its affidavit of defense it not only did not deny the averment of the plaintiff's statement that the manager was duly authorized to make the contract but expressly affirmed such authority. It is true these paragraphs of the statement and affidavit of defense were not offered in evidence and were therefore not for the consideration of the jury; but appellant can hardly question in this court what it has solemnly admitted under oath in the court below. Furthermore, the testimony all went to establish the agent's authority rather than deny it. The evidence on behalf of the plaintiff was that Simmons,

the manager, had entire charge of the Philadelphia office; had full charge of the Proctor & Gamble business; final instructions were supposed to come from him and he was the "boss of the Philadelphia district." While on behalf of the defendant, Simmons himself testified: "I had charge of the business in the Philadelphia district". Simmons did not say he lacked authority to make the contract in suit, nor did any officer of the Company testify to that effect. On the other hand the manager's authority to pay plaintiff his salary for two weeks or a month after he resigned was admitted, as was his power to keep plaintiff on the payroll for a month before he resigned, though not performing his usual work. When a corporation intrusts a manager with the general supervision of a particular branch of its business, it invests him with the power of a general agent coextensive with the business intrusted to his care: American C. & F. Co. v. Alexandria Water Co., 218 Pa. 542; Buckwalter Stove Co. v. Central T. & S. Co., 53 Pa. Superior Ct. 558; and is bound by his contracts on its behalf made within the apparent scope of his authority: Singer Mfg. Co. v. Christian, 211 Pa. 534; Anderson v. National Surety Co., 196 Pa. 288; Humbert v. Meyers, 279 Pa. 171, 175, 176; Thompson v. Barrow, 81 Pa. Superior Ct. 216; Brooke v. N. Y. L. E. & W. R. Co., 108 Pa. 529, 546. Especially where disavowal of his authority is not promptly made: Birkle v. Coleman, 50 Pa. Superior Ct. 105; or the benefits of the contract are retained: Singer Mfg. Co. v. Christian, supra; McNeile v. Cridland, 168 Pa. 16, 19. And where the authority of such an agent is not limited in writing, the scope of the agency is a question for the jury: Singer Mfg. Co. v. Christian, supra, p. 539; Fruit Dispatch Co. v. Magee, 60 Pa. Superior Ct. 259, 264; Powell v. Old Hickory B. & L. Assn., 252 Pa. 587, 596. The cases of Putnam v. Ensign Oil Co., 272 Pa.

301; Millar v. Grieb & Thomas, 276 Pa. 372; Republic Bank Note Co. v. N. W. Pa. R. Co., 65 Pa. Superior Ct. 72; McAllister v. Pittsburgh Water Heater Co., 65 Pa. Superior Ct. 522 and DeForest v. N. W. Townsite Co., 241 Pa. 78, relied upon by appellant in its argument in this court, are easily distinguishable because in all of them it was established on the trial by the by-laws or other competent evidence that the agent did not possess the authority claimed, while in this case such evidence was wholly lacking.

(2)   We do not know just why the defendant was so anxious to secure plaintiff's resignation rather than summarily discharge him, if his work was not satisfactory; but it evidently had a sufficient reason and expected a corresponding benefit, or it would not have carried him on its payroll for a month while it was endeavoring to secure his resignation and been willing to pay him two weeks' or a month's salary as a bonus if he resigned apparently voluntarily.   This advantage or benefit, slight though it may be, is sufficient consideration to support the contract.   A very slight advantage to one party or a trifling inconvenience to the other is sufficient consideration: Harlan v. Harlan, 20 Pa. 303; Erie Forge Co. v. Penna. Iron Works, 22 Pa. Superior Ct. 550; Russell v. Patterson Co., 48 Pa. Superior Ct. 571, 578.   Where parties are competent to contract, the law will not measure the adequacy of the advantage: Savage v. Everman, 70 Pa. 315.   Thus in Brooks v. Ball, 18 Johnson (N. Y.) 337, it was held that a contract to pay a disputed claim if the party claiming the money would swear to the correctness of his account was supported by a sufficient consideration; and in Potter v. Hartnett, 148 Pa. 15, an agreement to discharge a debt in consideration of the defendant entering into the service of the plaintiff was held to be based on a sufficient consideration even though defendant was to be paid full salary for his

services.  If, as defendant admits, plaintiff's resignation was sufficient consideration to support a valid contract to pay him two weeks' or a month's salary following his leaving, it was sufficient to support the contract in suit.  For courts will not inquire into the sufficiency of the consideration in the absence of fraud: Hoover v. Pursel, 67 Pa. Superior Ct. 130, 134; Schmitt v. Dietterle, 70 Pa. Superior Ct. 238, 241.

The assignments of error are overruled and the judgment is affirmed.